STATE v. MRS. EDDIE WEBB.

(Filed 22 January, 1936.)

**1. Criminal Law K b—**

It is error for the court to suspend judgment upon stipulated terms over the objection of defendant.

**2. Criminal Law L e—**

Where judgment has been suspended over the defendant's objection, the cause will be remanded on appeal in order that final judgment may be entered in order that defendant may appeal to test its validity.

HOOD, COMR. OF BANKS, v. MOTOR CO.

APPEAL by defendant from *Hill, Special Judge,* at May Term, 1935, of FORSYTH.

Criminal prosecution, tried upon indictments charging the defendant (1) with reckless driving, and (2) with passing school bus while same was standing on public road discharging school children.

Verdict: Guilty on both charges.

Judgment: On first count, prayer for judgment continued upon condition that defendant pay into the office of the clerk certain sums, designating them, to cover hospital, nurse, and doctor's bills; and on the other charge, prayer for judgment continued on payment of all the costs.

To this judgment the defendant excepts and appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorneys-General Aiken and Bruton for the State.*

*H. O. Woltz and Wilson Barber for defendant.*

STACY, C. J. As the defendant neither sought nor accepted the indulgence and forbearance of the court, it was error to withhold final judgment, or some judgment in its nature final, so that the defendant might test the validity of the trial by appeal. Such was the holding in *S. v. Burgess,* 192 N. C., 668, 135 S. E., 771. Hence, on authority of the *Burgess case, supra,* the cause will be remanded for judgment. Compare *S. v. Anderson,* 208 N. C., 771; *S. v. Rooks,* 207 N. C., 275, 176 S. E., 752.

Error and remanded.