STATE v. JOHN HENRY GRIFFIN, JR.

(Filed 9 October, 1957.)

**1. Criminal Law § 143—**

A defendant may appeal when judgment is pronounced regardless of whether execution of the judgment is suspended or not, provided he does not consent to the conditions upon which judgment is suspended.

**2. Same: Criminal Law § 135—**

Where a defendant consents to the conditions upon which judgment is suspended, he waives or abandons his right of appeal and may not thereafter complain that his conviction was not in accord with due process of law, although he may thereafter contest the sufficiency of evidence to show breach of conditions or assert that the conditions of suspension were unreasonable.

**3. Criminal Law § 135—**

A court has power to suspend execution of a judgment for a period not in excess of five years. G.S. 15-200.

**4. Same—**

A court may continue prayer for judgment from one term to another with or without defendant's consent if no terms or conditions are imposed.

**5. Same: Criminal Law § 143—**

Where prayer for judgment is continued there is no judgment, and when the court enters an order continuing the prayer for judgment and at the same time imposes conditions amounting to punishment, either by fine or

imprisonment, the order is in the nature of a final judgment precluding the court from thereafter imposing additional punishment, and defendant is entitled to appeal therefrom.

**6. Criminal Law § 152—**

The rule of Court requiring the evidence to be set out in the record in narrative form is mandatory, and when the evidence adduced at the trial is not contained in the record, the appeal must be dismissed in the absence of error appearing on the face of the record proper. Rule of Practice in the Supreme Court No. 19(4).

APPEAL by defendant from *Moore (Dan K.), J.,* 7 January, 1957 "A" Criminal Term, MECKLENBURG Superior Court.

Criminal prosecution upon an indictment charging the defendant, the contractor, with willful failure to furnish D. R. Winchester, the owner, an itemized statement of the sums due for labor and materials used on the building before receiving from the owner any part of the contract price. The indictment was drawn under G.S. 44-12. The defendant entered a plea of not guilty. The evidence adduced at the trial is not contained in the record. At the close of the State's evidence the court denied the defendant's motion for a directed verdict of not guilty. Upon a verdict of guilty, the court pronounced the following: "The judgment of the court is that the prayer for judgment be continued upon the payment of a fine of $50.00 and the costs." The defendant appealed, assigning errors.

*George B. Patton, Attorney General*
*Claude L. Love, Asst. Attorney General, for the State.*
*Carswell & Justice,*
*By: James F. Justice for defendant, appellant.*

HIGGINS, J. In the Superior Court the defendant moved for a directed verdict of not guilty upon two grounds: (1) The evidence at the trial was insufficient to make out a case; and (2) G.S. 44-12, under which the indictment was drawn, is unconstitutional in that it violates Article I, Section 17, Constitution of North Carolina, and the 14th Amendment to the Constitution of the United States for assigned reasons. From an adverse ruling on both questions the defendant appealed.

In this Court the Attorney General moved (1) to remand the cause to the Superior Court of Mecklenburg County upon the ground that no final judgment had been entered in the Superior Court and that the appeal is premature; and (2) to dismiss the appeal for failure of the defendant to include the evidence in the case in narrative form as required by Rule 19(4), Rules of Practice in the Supreme Court, 221 N.C. 556.

The condition of the record requires, or at least makes it desirable, that we consider first the State's motions, and in the order in which they were made. If either is allowed, the questions raised by the defendant need not be decided.

The defendant's appeal presents the question whether the trial court entered a judgment in its nature final. *S. v. Baker,* 240 N.C. 140, 81 S.E. 2d 199; *S. v. Webb,* 209 N.C. 302, 183 S.E. 367.

After a conviction or plea (guilty or *nolo contendere*) the court has power: (1) To pronounce judgment and place it into immediate execution; (2) to pronounce judgment and suspend or stay its execution; (3) to continue prayer for judgment. When the judgment is pronounced and placed into execution the defendant has the right of appeal. Likewise, when the judgment is pronounced and its execution is stayed or suspended, "such disposition of the cause does not serve to delay or defeat the defendant's right of appeal." *S. v. Miller,* 225 N.C. 213, 34 S.E. 2d 143; *S. v. Calcutt,* 219 N.C. 545, 15 S.E. 2d 9. However, if the defendant consents to the conditions upon which judgment is suspended, he thereby waives or abandons his right of appeal. "He may not be heard thereafter to complain that his conviction was not in accord with due process of law." *S. v. Miller, supra; S. v. Pelley,* 221 N.C. 487, 20 S.E. 2d 850; *S. v. Henderson,* 206 N.C. 830, 175 S.E. 201. He is not precluded thereafter, however, from contesting the sufficiency of the evidence to show a breach of conditions, *S. v. Johnson,* 169 N.C. 311, 84 S.E. 767; or, that the conditions were unreasonable, *S. v. Shepherd,* 187 N.C. 609, 122 S.E. 467.

The Superior Courts of North Carolina have the inherent power to exercise a certain measure of control over their judgments by designating the manner by which they shall be executed. ". . . the execution of every sentence of a court is under the control of the court . . ." *S. v. Manuel,* 20 N.C. 144. "The inherent power of a court having jurisdiction to suspend judgment or stay execution of sentence on conviction in a criminal case for a determinate period and for a reasonable length of time has been recognized and upheld in this jurisdiction." *S. v. Miller,* 225 N.C. 213, 34 S.E. 2d 143; G.S. 15-197 (citing cases). The time during which the execution of a sentence may be suspended may not exceed five years. G.S. 15-200.

In the event the court, after a conviction or plea, finds it desirable not to pass judgment immediately, it may continue the prayer for judgment from one term to another without the defendant's consent if no terms or conditions are imposed. *S. v. Graham,* 225 N.C. 217, 34 S.E. 2d 146. "It is sometimes found expedient, if not necessary, to continue a prayer for judgment and when no conditions are imposed, the judges of the Superior Court may exercise this power with or without the defendant's consent." *S. v. Graham, supra; S. v. Burgess,* 192 N.C. 668,

135 S.E. 771. There may be an exception in certain cases under the Probation Act, G.S. 15-197. However, in the case of *S. v. Jaynes*, 198 N.C. 728, 153 S.E. 410, this Court said: "Prayer for judgment may not be continued over the defendant's objection." In that case the prayer was continued upon the payment of a fine and costs. When the prayer for judgment is continued there is no judgment—only a motion or prayer by the prosecuting officer for judgment. And when the court enters an order continuing the prayer for judgment and at the same time imposes conditions amounting to punishment (fine or imprisonment) the order is in the nature of a final judgment, from which the defendant may appeal. Punishment having been once inflicted, the court has exhausted its power and cannot thereafter impose additional punishment. *"Nemo debet bis puniri pro uno delicto"*—no one may be punished twice for one offense. *S. v. Warren*, 92 N.C. 825.

The Superior Court in the instant case announced it was entering judgment and proceeded to require the defendant to pay a fine and the costs. The court's statement, "the prayer be continued;" is inconsistent with what the court said and with what the court did, and may be treated as surplusage. The court's order was in the nature of a final judgment inflicting punishment and from the judgment, the defendant had the right of appeal. The motion to remand is denied.

The motion to dismiss the appeal for failure on the part of the defendant to present a proper record must be allowed. *S. v. Jenkins*, 234 N.C. 112, 66 S.E. 2d 819; *S. v. Daniels*, 231 N.C. 17, 56 S.E. 2d 2. Rule 19(4) requires that the evidence in narrative form be set out in the record. Rules of Practice in the Supreme Court, 221 N.C. 556. For failure to comply with this rule the appeal will be dismissed in the absence of error appearing on the face of the record proper. *Laughinghouse v. Ins. Co.*, 239 N.C. 678, 80 S.E. 2d 457; *Rhoades v. Asheville*, 220 N.C. 443, 17 S.E. 2d 500; *Pruitt v. Wood*, 199 N.C. 788, 156 S.E. 126. Compliance with the rule is mandatory and may not be waived by the parties. *S. v. McNeill*, 239 N.C. 679, 80 S.E. 2d 680; *S. v. Powell*, 238 N.C. 550, 78 S.E. 2d 343. "The Court has not only found it necessary to adopt them (the Rules) but equally necessary to enforce them . . . uniformly." *Pruitt v. Wood, supra.* "According to our decisions . . . the appeal (will be) dismissed, as no error appears in the record proper." *S. v. McNeill, supra.*

Appeal dismissed.