ROGER EDWIN FLORENCE v. WILLIAM S. HIATT, COMMISSIONER, NORTH
CAROLINA DIVISION OF MOTOR VEHICLES

No. 891SC1257

(Filed 5 February 1991)

**Automobiles and Other Vehicles § 68 (NCI4th)— prayer for judgment continued — conditions — judgment not rendered appealable**

The trial court's prayer for judgment continued for operating a vehicle without a license upon the condition that plaintiff not violate any motor vehicle laws and make a $75 contribution to the school board was a true prayer for judgment continued and not a final judgment which would allow DMV to revoke plaintiff's license pursuant to N.C.G.S. § 20-28.1 for a moving violation committed while his license was revoked, since plaintiff was already obligated to obey the motor vehicle laws and that condition thus was not a punishment, and the $75 "donation" was not restitution because the school board was not an aggrieved party, was not a fine because it was directed to an entity other than the county for use by the public schools, but was unenforceable surplusage.

**Am Jur 2d, Automobiles and Highway Traffic §§ 134, 148; Forfeitures and Penalties § 68.**

**What amounts to conviction or adjudication of guilt for purposes of refusal, revocation, or suspension of automobile driver's license. 79 ALR2d 866.**

APPEAL by defendant from judgment entered 12 July 1989 by *Judge Herbert Small* in DARE County Superior Court. Heard in the Court of Appeals 25 October 1990.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Mabel Y. Bullock, for defendant-appellant.*

*Aycock, Spence & Butler, by W. Mark Spence, for plaintiff-appellee.*

JOHNSON, Judge.

On 7 September 1988, plaintiff was cited for exceeding 35 m.p.h. in a 35 m.p.h. zone. He did not appear to answer the charge on the scheduled court date and the Dare County Clerk's Office

FLORENCE v. HIATT

[101 N.C. App. 539 (1991)]

sent notice of failure to appear to the Division of Motor Vehicles (DMV), which, pursuant to G.S. § 20-24.1, revoked plaintiff's driving privilege for failure to appear and answer the charge. The revocation was effective as of 1 January 1989. Plaintiff complied with the revocation on 6 February 1989.

On 27 January 1989, plaintiff was cited for a safe movement violation and was also charged with driving while license revoked. On 9 May 1989, plaintiff appeared before the Dare County District Court and entered a plea of guilty to the offense of driving without being licensed as a driver by the Division of Motor Vehicles in violation of G.S. § 20-7, in lieu of driving while license revoked, and also entered a plea admitting liability to an unsafe movement violation. Judge Parker found plaintiff guilty of operating a motor vehicle without a license. The judgment of the court was: "Prayer for judgment continued upon the condition that he not violate any motor vehicle laws and make a $75.00 contribution to the school board." Upon receiving notice of Judge Parker's order, DMV revoked plaintiff's license for one year, pursuant to G.S. § 20-28.1 which mandates the revocation of a driver's license when he is convicted of a moving violation committed while driving during a period of revocation. The revocation was to be effective as of 18 June 1989. Plaintiff obtained a temporary restraining order against DMV on 21 June 1989. A permanent injunction enjoining DMV from suspending or revoking the plaintiff's driving privileges as a result of Judge Parker's order of 9 May 1989 was entered by Judge Herbert Small on 12 July 1989. Defendant DMV appeals.

The issue on appeal is whether the conditional language in Judge Parker's order renders the putative "prayer for judgment continued" a final conviction. If the order is construed as a final judgment from which appeal can be made, then DMV's revocation of plaintiff's license is valid under G.S. § 20-28.1. If Judge Parker's order is construed as a true prayer for judgment continued then there will have been no final judgment and DMV has no authority to revoke plaintiff's license.

Defendant's first argument on appeal is that the trial court lacked jurisdiction to review a mandatory revocation undertaken pursuant to G.S. § 20-28.1. This argument misses the issue. Here we are not concerned with whether the court has jurisdiction to review a mandatory revocation imposed when a driver is convicted of a moving violation while his license is suspended but

FLORENCE v. HIATT

[101 N.C. App. 539 (1991)]

whether the order entered in this case is a final conviction which can support a mandatory revocation at all. Defendant properly states the relevant issue in its second argument when it contends that Judge Parker's judgment constitutes a final conviction for purposes of G.S. § 20-24(c) because the condition that plaintiff pay $75.00 to the school board imposed a condition amounting to punishment, making the order in the nature of a final judgment.

The Superior Courts of North Carolina have the inherent power to designate the manner by which their judgments shall be executed. *See State v. Griffin*, 246 N.C. 680, 100 S.E.2d 49 (1957). Following a conviction by verdict or plea the court may (1) pronounce judgment and place it in immediate execution, (2) pronounce judgment and suspend or stay its execution, (3) continue prayer for judgment. *Id.* at 682, 100 S.E.2d at 50. The effect of a prayer for judgment continued is that there is no judgment and the defendant has no right to appeal. *State v. Pledger*, 257 N.C. 634, 127 S.E.2d 337 (1962); *Barbour v. Scheidt, Comr. of Motor Vehicles*, 246 N.C. 169, 97 S.E.2d 855 (1957). Where a prayer for judgment continued is imposed with no terms or conditions, the judgment may be continued from session to session without defendant's consent. *State v. Graham*, 225 N.C. 217, 34 S.E.2d 146 (1945). But a prayer for judgment continued which contains conditions may not be imposed over defendant's objections. *State v. Jaynes*, 198 N.C. 728, 153 S.E.2d 410 (1930); *State v. Burgess*, 192 N.C. 668, 135 S.E. 771 (1926). If conditions are imposed and the defendant does not object, he waives his right to appeal on the grounds that it was not in accord with due process of law. *Griffin*, 246 N.C. 680, 100 S.E.2d 49. However, "when the court enters an order continuing the prayer for judgment and at the same time imposes conditions amounting to punishment (fine or imprisonment) the order is in the nature of a final judgment, from which the defendant may appeal." *Id.* at 683, 100 S.E.2d at 51.

Judge Parker's order granted a prayer for judgment continued on condition that plaintiff not violate any motor vehicle laws and that he make a $75.00 contribution to the school board. In *State v. Cheek*, 31 N.C. App. 379, 229 S.E.2d 227 (1976), a prayer for judgment was continued on an assault charge upon the condition that the defendant not attempt to escape from prison or break any state or federal law. This Court held that the condition did not amount to punishment because the defendant, as a citizen, was already obligated to obey the law, thus the judgment was

not a final judgment and the defendant had no right to appeal from it. We conclude that the condition in the case *sub judice*, that defendant not violate any motor vehicle laws, is not punishment and therefore does not make the judgment at issue a final judgment.

The question still remains whether the condition "that he make a $75.00 contribution to the school board" constitutes punishment that would render the judgment a final conviction. We hold that it is an invalid condition and is unenforceable.

Fines are a pecuniary punishment extracted by the State. They are a permitted form of punishment under the state constitution. N.C. Const. art. XI, § 1. *See Shore v. Edmisten, Atty. General,* 290 N.C. 628, 227 S.E.2d 553 (1976). Article IX, § 7 of the North Carolina Constitution provides that the fines collected for any breach of the penal laws shall be used exclusively for the benefit of the public schools. "[A]ny judgment of a trial judge which seeks to direct payment of a fine anywhere other than to the counties for the use of the public schools is unconstitutional." *Shore,* 290 N.C. at 633, 227 S.E.2d at 558. Restitution, on the other hand, is compensation to a specific aggrieved party. An aggrieved party is one who has been damaged or has sustained loss caused by the defendant arising out of the offense for which he has been convicted. *State v. Wilburn,* 57 N.C. App. 40, 290 S.E.2d 782 (1982).

We find that the condition in Judge Parker's order that plaintiff make a contribution to the school board is unenforceable surplusage. It is not restitution because the school board is not an aggrieved party. It is not a fine because it is directed to an entity other than the county for use by the public schools.

We therefore hold that Judge Parker's order of 9 May 1989 is a true prayer for judgment continued. As such it cannot operate as a final conviction which would require or allow DMV to revoke plaintiff's license under G.S. § 20-28.1. The order enjoining DMV from suspending or revoking plaintiff's driving privilege is

Affirmed.

Judges EAGLES and PARKER concur.