**STATE v. BROWN**

[110 N.C. App. 658 (1993)]

Affirmed.

Judges COZORT and LEWIS concur.

---

STATE OF NORTH CAROLINA v. JOHNNIE CARL BROWN

No. 923SC1288

(Filed 15 June 1993)

### Criminal Law § 1039 (NCI4th) — prayer for judgment — conditions — final judgment

The trial court erred by imposing a sentence of six months imprisonment, suspended for five years under the supervision of a probation officer; where defendant was convicted of communicating threats, Judge Rountree entered a PJC on conditions that defendant pay costs, continue with any mental health treatment he was currently undergoing, and not contact his ex-wife, the prosecuting witness; the State moved to hold defendant in contempt in that he had contacted the prosecuting witness; and Judge Leech imposed the six month suspended sentence. The condition that defendant continue psychiatric treatment went beyond defendant's obligation to obey the law and was thus punishment, so that Judge Rountree's entry was a final judgment rather than a PJC. Violation of that judgment subjected defendant to criminal contempt of court, punishable by imprisonment up to 30 days, a fine not to exceed $500, or any combination of the two. N.C.G.S. §§ 5A-11(a)(3), 5A-12(a).

### Am Jur 2d, Criminal Law § 534.

Appeal by defendant from judgment entered 10 August 1992 in Pitt County Superior Court by Judge Napoleon B. Barefoot. Heard in the Court of Appeals 10 May 1993.

*Attorney General Michael F. Easley, by Assistant Attorney General Newton G. Pritchett, Jr., for the State.*

*Public Defender Robert L. Shoffner, Jr., by Assistant Public Defender Edward G. Wells, III, for defendant-appellant.*

GREENE, Judge.

Defendant appeals from a judgment sentencing him to six months, suspended for five years, entered 10 August 1992, upon his conviction of the misdemeanor of communicating threats.

Defendant was charged on 2 December 1991 with communicating threats. District Court Judge H. Horton Rountree found defendant guilty of the charge and entered a prayer for judgment continued (PJC) on conditions that defendant pay costs, that he continue with any mental health treatment he was currently undergoing, and that he not contact his ex-wife, the prosecuting witness. Defendant did not appeal. Several weeks later, the State moved to hold defendant in contempt of court for violating a condition of the PJC in that he had contacted the prosecuting witness. On 6 April 1992, District Court Judge David Leech entered a judgment imposing a six-month sentence, which he suspended upon placing defendant on supervised probation for five years. Defendant appealed Judge Leech's judgment to the superior court. The superior court, after conducting a non-jury hearing, determined that the defendant had in fact contacted the prosecuting witness in violation of Judge Rountree's entry and entered the same judgment as Judge Leech had entered.

---

The issue presented is whether the conditions Judge Rountree imposed upon the continuation of the entry of judgment converted the entry into a final judgment.

After a conviction or plea the trial court has the authority "(1) [t]o pronounce judgment and place it into immediate execution; (2) to pronounce judgment and suspend or stay its execution; [or] (3) to continue prayer for judgment." *State v. Griffin*, 246 N.C. 680, 682, 100 S.E.2d 49, 50 (1957). "When the prayer for judgment is continued there is no judgment—only a motion or prayer by the prosecuting officer for judgment." *Griffin*, 246 N.C. at 683, 100 S.E.2d at 51. When, however, the trial judge imposes conditions "amounting to punishment" on the continuation of the entry of judgment, the judgment loses its character as a PJC and becomes a final judgment. *Id*. Conditions "amounting to punishment" include fines and imprisonment. *Id*. Conditions not "amounting to punishment" include "requirements to obey the law," *State v. Cheek*, 31 N.C. App. 379, 382, 229 S.E.2d 227, 228 (1976), and a requirement to pay the costs of court. *State v. Crook*, 115 N.C. 760, 764 (1894);

N.C.G.S. § 15A-101(4a) (1988) ("[p]rayer for judgment continued upon payment of costs, without more, does not constitute the entry of judgment").

Without deciding whether the order that defendant not contact his wife was punishment, the condition that defendant continue with psychiatric treatment went beyond defendant's obligation to obey the law, and thus was punishment. Accordingly, Judge Rountree's statement that prayer for judgment was continued is inconsistent with the remaining portion of the entry and must be treated as surplusage. *See Griffin*, 246 N.C. at 683, 100 S.E.2d at 51. Therefore, Judge Rountree's entry was a final judgment, the violation of which subjected the defendant to criminal contempt of court, N.C.G.S. § 5A-11(a)(3) (1986), punishable by "imprisonment up to 30 days, fine not to exceed five hundred dollars ($500.00), or any combination of the [two]." N.C.G.S. § 5A-12(a) (Supp. 1992). Thus the trial court erred when it imposed a term of imprisonment of six months, suspended for five years under the supervision of a probation officer. *See Griffin*, 246 N.C. at 683, 100 S.E.2d at 51 ("[p]unishment having been once inflicted, the court . . . cannot thereafter impose additional punishment"). This case, therefore, must be remanded for a hearing on contempt pursuant to N.C.G.S. § 5A-11(a)(3).

Reversed and remanded.

Chief Judge ARNOLD and Judge MARTIN concur.