STATE OF NORTH CAROLINA v. VICTOR JAMES POPP

No. COA08-985

(Filed 19 May 2009)

**Sentencing— prayer for judgment continued—transformed into final judgment**

A prayer for judgment continued (PJC) lost its character as a PJC and transformed into a final judgment when defendant was ordered to complete a number of conditions which were beyond a requirement to obey the law. The judge was without authority to dismiss the charge after the end of the session without a writ of habeas corpus or a motion for appropriate relief, and could not remand for a new sentencing hearing because he had no authority to impose additional punishment.

Appeal by State from judgment entered 27 March 2008 by Judge Jerry Braswell in Craven County Superior Court. Heard in the Court of Appeals 28 January 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Richard E. Jester, for defendant-appellee.*

CALABRIA, Judge.

The State appeals the trial court's dismissal of Victor James Popp ("defendant")'s possession of a handgun on educational property charge. We vacate and remand.

I. Facts

On 29 March 2006, defendant, a seventeen-year-old twelfth grader at Havelock High School, brought weapons in the trunk of his car to his high school. Specifically, defendant's trunk contained a Browning 9mm semi-automatic handgun, three clips of ammunition for the 9mm handgun, two knives, and three pellet rifles with pellets. On 17 April 2006, defendant was indicted on the charge of possession of weapons on educational property in violation of N.C. Gen. Stat. § 14-269.2(b). Defendant entered a guilty plea in exchange for the State's dismissal of charges in another criminal case, case number 06 CRS 52299.

On 26 April 2006, Judge Jerry Braswell ("Judge Braswell") entered a prayer for judgment ("April judgment") continuing the judg-

ment for twelve months subject to the following conditions: (1) that defendant will fully cooperate with law enforcement regarding case number 06 CRS 52299, (2) defendant will complete his high school education, (3) enroll in an institution of higher education or in the armed forces, (4) not be charged with any felony or misdemeanor offense other than a minor traffic violation, (5) lose driving privileges for ninety days, (6) abide by a curfew of 7 p.m. for 120 days, (7) provide a copy of drug analysis for detection of drugs monthly for a period of six months, (8) perform 100 hours of community service and pay the fee, (9) not possess any weapons for twelve months, (10) write a letter of apology to the school principal and send a copy to every teacher, (11) remain employed either part-time or full-time, (12) pay costs, (13) not be on any school property other than the school defendant is attending, and (14) not leave the State of North Carolina. The order also required defendant's attorney to submit documentation to the district attorney and the court, showing defendant complied with the conditions.

On 19 February 2007, at the request of the State, Judge Paul Jones ("Judge Jones") ordered defendant to comply with random drug testing on a monthly basis, pay $200.00 for a community service fee within twenty-four hours and pay supervision fees ("February order"). The February order modified the April judgment to include supervised probation for a minimum of ninety days. The order also allowed either the defendant or the State to set the case for disposition in April 2007.

On 27 March 2008, the State moved for a final judgment. At the hearing, defendant presented documents in support of his contention that he complied with the trial court's conditions in both the April judgment and the February order and asked the court to dismiss the charge. Judge Braswell dismissed the charge ("March order"). The State appeals.

## II. Grounds for the Appeal

Unless the rule against double jeopardy prohibits further prosecution against a defendant, the State has a statutory right to appeal the dismissal of a criminal charge. N.C. Gen. Stat. § 15A-1445(a)(1) (2007); *State v. Allen*, 144 N.C. App. 386, 388, 548 S.E.2d 554, 555, *appeal dismissed, review denied* 354 N.C. 366, 556 S.E.2d 580 (2001).

## III. Analysis

The State argues that because the April judgment was a final judgment, the trial court did not have jurisdiction to dismiss the

charge in its March order. The State contends this Court should vacate the order dismissing the charge. We note that defendant concedes the April judgment is a final judgment and requests we remand for a new sentencing hearing.

The general rule is that when a prayer for judgment is continued ("PJC") "there is no judgment—only a motion or prayer by the prosecuting officer for judgment." *State v. Griffin*, 246 N.C. 680, 683, 100 S.E.2d 49, 51 (1957). "When, however, the trial judge imposes conditions 'amounting to punishment' on the continuation of the entry of judgment, the judgment loses its character as a PJC and becomes a final judgment." *State v. Brown*, 110 N.C. App. 658, 659, 430 S.E.2d 433, 434 (1993) (citing *Griffin*, 246 N.C. at 683, 100 S.E.2d at 51). "Conditions 'amounting to punishment' include fines and imprisonment. Conditions not 'amounting to punishment' include 'requirements to obey the law,' and a requirement to pay the costs of court." *Id.* at 659, 430 S.E.2d at 434 (internal citations omitted). In *Brown*, the trial court entered a PJC on the condition, *inter alia*, that defendant continue mental health treatment, a condition this Court determined was beyond a requirement to obey the law and thus amounted to punishment. *Id.* at 660, 430 S.E.2d at 434.

Here, defendant was ordered to complete a number of conditions which are beyond a requirement to obey the law. For example, defendant was ordered to abide by a curfew, complete high school, enroll in an institution of higher learning or join the armed forces, cooperate with random drug testing, complete 100 hours of community service, remain employed, and write a letter of apology. Upon the imposition of those conditions, the April judgment lost its character as a PJC and was transformed into a final judgment. *Compare Brown*, 110 N.C. App. at 659, 430 S.E.2d at 434 (holding imposition of the requirement that defendant continue mental health treatment transformed the PJC into a final judgment) *with State v. Cheek*, 31 N.C. App. 379, 382, 229 S.E.2d 227, 228 (1976) (where PJC required defendant to refrain from escaping prison and breaking the law, conditions did not amount to punishment and PJC was not a final judgment).

The next question is whether the trial court had authority to vacate the criminal charge against the defendant in its March order. "It is the general rule that the trial court loses jurisdiction to modify a judgment after the adjournment of the term." *State v. Duncan*, 222 N.C. 11, 13, 21 S.E.2d 822, 824 (1942); *see also State v. Jones*, 27 N.C. App. 636, 638, 219 S.E.2d 793, 795 (1975). A trial court judge pos-

SAM'S E., INC. v. HINTON

[197 N.C. App. 229 (2009)]

sesses discretionary authority to vacate a judgment after the end of the session pursuant to a writ of *habeas corpus* or pursuant to a motion for appropriate relief. *State v. Morgan*, 108 N.C. App. 673, 676, 425 S.E.2d 1, 3 (1993).

Neither scenario is present in this case. The trial judge dismissed the charge almost two years after the April judgment was entered. We hold that the April judgment was a final judgment and Judge Braswell was without authority to dismiss the charge in his March order. Furthermore, upon the entry of the final judgment, the trial court loses authority to impose additional punishment on defendant and remanding for a new sentencing hearing would be improper. *Griffin*, 246 N.C. at 683, 100 S.E.2d at 51; *Brown*, 110 N.C. App. at 660, 430 S.E.2d at 434 (holding trial court was without authority to impose additional punishment after entering a PJC which imposed conditions amounting to punishment and was a final judgment). The March order is vacated. We remand to the trial court to reinstate the April judgment.

Vacated and remanded.

Judges ELMORE and STROUD concur.