STATE OF NORTH CAROLINA,
v.
JAN MAURICE BONNER.
No. COA09-1126.
Court of Appeals of North Carolina.
Filed March 16, 2010.
This case not for publication
Hornthal, Riley, Ellis & Maland, L.L.P., by John D. Leidy, for judgment creditor-appellant Elizabeth City-Pasquotank Board of Education.
Courtney S. Hull, for surety-appellee.
WYNN, Judge.
An Order of Forfeiture must be set aside if "[a]ll charges for which the defendant was bonded to appear have been finally disposed by the court other than by the State's taking dismissal with leave." N.C. Gen. Stat. § 15A-544.5(b)(2) (2009). "[W]hen the court enters an order continuing the prayer for judgment and at the same time imposes conditions amounting to punishment . . . the order is in the nature of a final judgment . . . ." State v. Griffin, 246 N.C. 680, 683, 100 S.E.2d 49, 51 (1957). Because the trial court in this case entered an order continuing the prayer for judgment and attached conditions thereto amounting to punishment, the order assumed the character of a final judgment as to all the charges for which Defendant was bonded to appear. Accordingly, we affirm the trial court's Order setting aside a prior Order of Forfeiture.
On 2 November 2007, Defendant Jan Maurice Bonner was arrested and charged with trafficking in cocaine and maintaining a dwelling place for the purpose of keeping and selling cocaine. Defendant appeared before Magistrate Gary H. Littleton, who issued a Release Order authorizing Defendant's release upon execution of a secured bond in the amount of $25,000. An Appearance Bond for Pre-Trial Release was posted by Appellee ("the surety") on behalf of International Fidelity Insurance Company.
On 24 June 2008, Defendant entered a plea of guilty to trafficking in cocaine pursuant to a plea deal in which the State agreed to dismiss additional charges. Superior Court Judge W. Russell Duke Jr. accepted the plea and entered an order stating:
Prayer for judgment continued until the July 28, 2008 session of superior criminal court or until such time the State prays judgment. The defendant is to remain in his residence 24 hours a day. If the defendant is seen on the street, he is to be immediately arrested and held with no bond. The defendant is not to have in his possession any cellphone or pager.
Defendant failed to appear in court on 28 or 29 July 2008, and on 1 August 2008, Superior Court Judge J. Richard Parker entered an Order of Forfeiture. On 3 September 2008, the State filed a dismissal with leave of the charges against Bonner due to the fact that "defendant failed to appear for a criminal proceeding at which the defendant's attendance was required and the prosecutor believes that the defendant cannot readily be found."
The surety filed a Motion to Set Aside the Order of Forfeiture on 23 December 2008.[1] On 30 December 2008, the Elizabeth City-Pasquotank Board of Education ("the Board")filed an objection to the motion and gave notice of a hearing.[2] The motion was heard by Superior Court Judge Walter H. Godwin on 18 May 2009. Judge Godwin allowed the Motion to Set Aside the Order of Forfeiture based on the following conclusions of law:
1. Pursuant to N.C.G.S. 15A-544.5 all charges for which the Defendant was bonded to appear have been finally disposed of by the Court other than by the State taking a dismissal with leave . . . .
2. The Bail Agent having secured the presence of the Defendant at the June 24, 2008, Criminal Session of Superior Court and the Defendant having been released without an Order of Release being filed with the Clerk and a copy being given to the Defendant, the Bail Agent has fulfilled his obligation.
The Board argues that the trial court erred by concluding that all charges for which Defendant was bonded to appear were finally disposed of through the entry of a prayer for judgment continued ("PJC") such that the bail agent was relieved of any further responsibility to secure the Defendant's appearance in court. We disagree.
A bail bond is "binding upon the obligor throughout all stages of the proceeding in the trial division of the General Court of Justice until . . . the entry of judgment in the superior court." N.C. Gen. Stat. § 15A-534(h) (2009). "Entry of Judgment" in a criminal case is defined by N.C. Gen. Stat. § 15A-101 as follows: "Judgment is entered when sentence is pronounced. Prayer for judgment continued upon payment of costs, without more, does not constitute the entry of judgment." N.C. Gen. Stat. § 15A-101(4a) (2009).
The Board contends that Defendant's charges were not finally disposed of because "[t]he effect of a prayer for judgment continued is that there is no judgment." Florence v. Hiatt, 101 N.C. App. 539, 541, 400 S.E.2d 118, 120 (1991)(citation omitted). Thus, the Board argues, because there was no final judgment, the bail agent was not released from his obligation to secure the Defendant's appearance at the 28 June 2008 session of Criminal Court.
The surety argues that the order in this case operated as a final judgment because "when the court enters an order continuing the prayer for judgment and at the same time imposes conditions amounting to punishment . . . the order is in the nature of a final judgment." Griffin, 246 N.C. at 683, 100 S.E.2d at 51. In the case sub judice, the trial court entered the PJC and contemporaneously imposed conditions on Defendant. Thus, the merit of the surety's argument depends on whether the conditions imposed amounted to punishment.
Conditions not amounting to punishment include "requirements to obey the law," State v. Cheek, 31 N.C. App. 379, 382, 229 S.E.2d 227, 228 (1976), and requirements to pay the costs of court. N.C. Gen. Stat. § 15A-101(4a) (2009) ("[p]rayer for judgment continued upon payment of costs, without more, does not constitute the entry of judgment"); State v. Crook, 115 N.C. 760, 764-65, 20 S.E. 513, 515 (1894). Conditions "amounting to punishment" include fines and imprisonment. Griffin, 246 N.C. at 683, 100 S.E.2d at 51. This Court has also held that "the condition that defendant continue with psychiatric treatment went beyond defendant's obligation to obey the law, and thus was punishment." State v. Brown, 110 N.C. App. 658, 660, 430 S.E.2d 433, 434 (1993)(holding that, in light of this punishment, trial court's "statement that prayer for judgment was continued is inconsistent with the remaining portion of the entry and must be treated as surplusage"); cf. Cheek, 31 N.C. App. at 382, 229 S.E.2d at 228 (finding that a condition prohibiting defendant from attempting to escape from prison was not punishment because the condition was merely a requirement that he "obey the law"). Following this same logic, this Court recently held that conditions requiring a defendant to "abide by a curfew, complete high school, enroll in an institution of higher learning or join the armed forces, cooperate with random drug testing, complete 100 hours of community service, remain employed, and write a letter of apology" caused a judgment to lose its character as a PJC and "transformed it into a final judgment." State v. Popp, __ N.C. App. __, __, 676 S.E.2d 613, 615 (2009).
Here, the trial court ordered Defendant to "remain in his residence 24 hours a day" and prohibited him from having in his possession any cell phone or pager. As in Brown, these conditions went beyond Defendant's obligation to obey the law, and thus constituted punishment. Accordingly, the underlying order assumed the nature of a final judgment and its entry relieved the bail agent of his obligation to secure Defendant's appearance at trial. The Board's argument is without merit.
In sum, we hold that the trial court did not err when it granted the bail agent's motion to set aside the order or forfeiture because "all charges for which the Defendant was bonded to appear have been finally disposed of by the Court other than by the State taking a dismissal with leave." This language tracks, almost verbatim, one of the grounds statutorily established for setting aside forfeiture. See N.C. Gen. Stat. § 15A-544.5(b)(2) (2009). Notably, the applicable statute states that if "any one" of the grounds exist, "a forfeiture shall be set aside." N.C. Gen. Stat. § 15A-544.5(b) (2009)(emphasis added). "This Court has held that use of the language `shall' is a mandate to trial judges, and that failure to comply with the statutory mandate is reversible error." In re Eades, 143 N.C. App. 712, 713, 547 S.E.2d 146, 147 (2001)(citation omitted). Thus, after determining that all charges for which Defendant was bonded to appear had been appropriately disposed of, the trial judge was required to set aside the order of forfeiture.[3]
Affirmed.
Chief Judge MARTIN and Judge STEPHENS, concur.
Report per Rule 30(e).
NOTES
[1] Our legislature has established statutory procedure through which the liability of sureties may be enforced or contested "without the necessity of an independent action." N.C. Gen. Stat. § 15A-544.1 (2009); see also N.C. Gen. Stat. § 15A-544.5 (2009) (establishing the procedure to be followed in order to set aside an order of forfeiture and specifically stating that "the defendant or any surety on a bail bond may make a written motion that the forfeiture be set aside").
[2] The Elizabeth City-Pasquotank Board of Education is the beneficiary of forfeiture funds. See N.C. Const. art. IX, § 7 (stating that absent exceptions inapplicable to this case, "the clear proceeds of all penalties and forfeiture and of all fines collected in the several counties for any breach of the penal laws of the State, shall belong to and remain in the several counties, and shall be faithfully appropriated and used exclusively for maintaining free public schools"); see also N.C. Gen. Stat. § 115C4-52 (2009) ("The clear proceeds of all penalties and forfeitures and of all fines collected in the General Court of Justice in each county shall be remitted by the clerk of the superior court to the county finance officer, who shall . . . remit the appropriate portion of the amount to the finance officer of each local school administrative unit."). Either the district attorney or the board of education may object to a motion to set aside an order of forfeiture. N.C. Gen. Stat. § 15A-544.5(d)(3) (2009). The rules governing an appeal from an order setting aside a forfeiture are "the same as provided for appeals in civil actions." N.C. Gen. Stat. § 15A-544.5(h) (2009). Any "party aggrieved" may appeal in a civil action. N.C. Gen. Stat. § 1-271 (2009). The Board, as rightful beneficiary of the forfeiture funds, is a party aggrieved by a court order setting aside an order of forfeiture. See Culton v. Culton, 327 N.C. 624, 625, 398 S.E.2d 323, 324 (1990)(stating that a party is aggrieved when its "rights have been directly and injuriously affected by the action of the court"), superseded by statute on other grounds as stated in In re J.A.A., 175 N.C. App. 66, 72-73, 623 S.E.2d 45, 49 (2005). Therefore, the Board has the right to appeal the order setting aside the forfeiture. See N.C. Gen. Stat. § 1-271 (2009).
[3] Because our holding as to the Board's first assignment of error is dispositive, we decline to address the Board's argument that the trial court erred by concluding that, because the judge entering the PJC did not enter an Order for Release with new conditions of release, the bail agent was relieved of any further responsibility to secure the Defendant's appearance in court.