IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-284

 Filed: 3 December 2019

Forsyth County, No. 99 CR 14063

STATE OF NORTH CAROLINA

 v.

JEFFERY WADE DOSS, Defendant.

 Appeal by Defendant from order entered 4 January 2019 by Judge Lawrence

J. Fine in Forsyth County District Court. Heard in the Court of Appeals 2 October

2019.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General
 Tammera S. Hill, for the State.

 Law Offices of J. Scott Smith, by J. Scott Smith, for Defendant-Appellant.

 DILLON, Judge.

 Twenty years ago, in 1999, Defendant Jeffery Wade Doss was found guilty of

assault on a female in Forsyth County District Court. The trial court entered a prayer

for judgment continued (PJC) on that charge. Two years ago, in 2017, Defendant,

now residing in West Virginia, was informed that he was ineligible for a concealed

carry permit due to the 1999 matter. A year later, in 2018, Defendant moved the

Forsyth County District Court to enter a final judgment on his 1999 matter,

presumably so that he could (1) appeal the matter to superior court in hopes that the
 STATE V. DOSS

 Opinion of the Court

State would then be forced to dismiss the charge due to the staleness of the matter

and (2) he could then regain his concealed carry permit in West Virginia. However,

by order entered 4 January 2019, the district court denied Defendant’s motion.

Defendant appeals from that order.

 I. Background

 In May of 1999, Defendant was charged with and found guilty of assault on a

female in district court. The record contains a 2018 correspondence from the Clerk

of Court in Forsyth County certifying that all of its records concerning the 1999

matter have been destroyed/purged “in accordance with the retention period

established by the History Department of Cultural Resources and endorsed by our

Administrative Office of the Court.”

 The record, though, also contains a printout of information concerning

Defendant’s 1999 matter contained on the Automatic Criminal/Infraction System

(ACIS) maintained by our judicial branch. The ACIS printout records that (1)

Defendant pleaded “not guilty” of assault on a female, (2) the trial court found him

“guilty,” (3) rather than imposing judgment, such as a fine or term of imprisonment,

the trial court entered a PJC, and (4) the trial court ordered Defendant to pay, and

Defendant in fact did pay, $86.00 in court costs.

 Almost two decades later, Defendant applied in West Virginia to have his

concealed carry permit renewed. However, on 21 February 2017, upon learning of

 -2-
 STATE V. DOSS

 Opinion of the Court

the 1999 matter, West Virginia sent Defendant a letter revoking his permit because

(1) his 1999 Forsyth County case resulted in a conviction for a crime involving

“domestic violence,”1 and (2) Defendant had misstated on his renewal application that

he had “never been convicted of an act of violence or an act of Domestic Violence[.]”2

 In August 2018, Defendant filed a Motion to Enter Judgment in his 1999 case

in district court. Defendant’s apparent reason for filing the motion was as follows:

(1) he wanted a final judgment to be entered (2) so that he could appeal that judgment

to the superior court for a trial de novo (3) whereupon his case would most likely be

dismissed by the State, as it would be all but impossible for the State to retrieve any

evidence of the 1999 incident and (4) with the 1999 charge dismissed, he would be

most likely eligible under West Virginia law for a concealed carry permit.

 1 The record shows that West Virginia based its belief that Defendant had been convicted of a
“domestic violence” offense based on a letter received from the Forsyth County Office of District
Attorney that Defendant’s 1999 assault on a female case “was in fact a domestic violence case [as] the
victim in the case has the same last name, same home address as the [D]efendant.”
 We note, though, that the ACIS record conflicts with the representation made in the letter
from the Forsyth County DA to West Virginia. Specifically, the ACIS record indicates that the trial
court found Defendant’s 1999 assault on a female did not involve an act of “domestic violence.” On the
ACIS record, the letter “N” (meaning “No”) is shown in the field next to the letters “DV CV,” (meaning
“Domestic Violence Convicted”). The ACIS record of the 1999 matter does not indicate the name or
address of the victim. There is a “Complainant” listed on the ACIS record; however, that person named
is the arresting officer.
 2 It could be argued that Defendant’s representation on his concealed carry application, that

he had not been “convicted” of a violent crime, was not a misrepresentation. That is, it could be argued
that the question is ambiguous and that Defendant, in good faith, believed that the PJC meant that
he never had to represent that he had been “convicted” of the charge. Indeed, while there are cases
that indicate that a PJC constitutes a “conviction” in some circumstances, see, e.g., Britt v. N.C.
Sheriffs’ Educ., 348 N.C. 573, 576, 501 S.E.2d 75, 77 (1998), there are others holding that a PJC is not
a “final conviction” in other circumstances, see, e.g., Walters v. Cooper, 226 N.C. App. 166, 170, 739
S.E.2d 185, 188, aff’d per curiam 367 N.C. 117, 748 S.E.2d 144 (2013).

 -3-
 STATE V. DOSS

 Opinion of the Court

Defendant’s Motion, however, was denied by the district court, reasoning that it did

“not have statutory authority” to grant the motion.

 Defendant appeals.

 II. Jurisdiction

 To be properly before this Court, there must be a conviction or a guilty plea

amounting to a final judgment in a criminal case. See State v. Pledger, 257 N.C. 634,

638, 127 S.E.2d 337, 340 (1962) (“A defendant is entitled to appeal only from a final

judgment.”). A PJC, by definition, places the entry of a potential final judgment on

hold until the court is ready to address the matter, or in some cases, the matter is

postponed indefinitely. See State v. Southern, 71 N.C. App. 563, 566-67, 322 S.E.2d

617, 619-20 (1984), affirmed, 314 N.C. 110, 331 S.E.2d 688 (1985).3 Thus, PJCs are

interlocutory orders by nature.

 Defense counsel, here, argues that the interlocutory appeal may be heard

because Defendant has substantial rights that have been interfered with by the

inability to obtain a concealed carry permit. However, the authority he uses to

support this argument is N.C. Gen. Stat. § 7A-27(b). This statute, though, only

 3 We note that a PJC may convert into a final judgment where the trial court imposes
conditions “amounting to a punishment,” that is any condition beyond the payment of court costs or a
requirement that the defendant obey the law. See State v. Griffin, 246 N.C. 680, 683, 100 S.E.2d 49,
51 (1957) (stating that a PJC converts to a final judgment in certain situations); see also State v. Crook,
115 N.C. 760, 764, 20 S.E. 513, 515 (1894) (holding that the payment of costs is not considered a
punishment in criminal prosecutions); see also State v. Brown, 110 N.C. App. 658, 659-60, 430 S.E.2d
433, 434 (1993) (stating that a PJC does not convert to a final judgment where the trial court only
imposes court costs or a condition to obey the law). In this case, the record shows that the trial court
only ordered Defendant to pay costs; therefore, his 1999 PJC did not convert into a final judgment.

 -4-
 STATE V. DOSS

 Opinion of the Court

applies to interlocutory orders in civil cases. Interlocutory criminal appeals are

reviewable by our Court in the event that the defendant files a petition for writ of

certiorari, where we can use our discretion to hear the merits of an otherwise barred

case. See N.C. Gen. Stat. § 15A-1444(d) (2018). However, Defendant has not filed a

petition for writ of certiorari.

 Therefore, this appeal before our Court is interlocutory, and Defendant has no

right of appeal.

 We note that if there was a right to appeal, it would generally lie in the superior

court. N.C. Gen. Stat. § 15A-1431.

 In any event, we note that Defendant could petition the superior court for a

writ of certiorari to review the matter pursuant to N.C. R. Super. & Dist. Cts. Rule

19. See State v. Hamrick, 110 N.C. App. 60, 65, 428 S.E.2d 830, 832 (1993) (holding

that a superior court’s authority to issue a writ of certiorari to review matters from

the district court pursuant to Rule 19 of the General Rules of Practice are analogous

to our Court’s right to issue such writs pursuant to Section 7A-32(c)).

 For our part, we are not inclined to treat Defendant’s brief as a petition for a

writ of certiorari to aid in our jurisdiction. In his 1999 case, Defendant consented to

the entry of the PJC, as he agreed to pay, and did pay, costs as a condition. That is,

though the requirement to pay costs is not a condition which would convert a PJC to

a final judgment, a trial court may not require a defendant to pay costs as a condition

 -5-
 STATE V. DOSS

 Opinion of the Court

of a PJC without the defendant’s consent. And where a defendant has consented to

the PJC, he “waives or abandons his right to appeal.” Griffin, 246 N.C. at 682, 100

S.E.2d at 51.

 It is apparent, here, that Defendant accepted a deal in 1999 to avoid criminal

punishment (fine or imprisonment) by paying costs. It would seem unfair to the State

to allow Defendant to renege on the deal twenty years later and be allowed to appeal

to the superior court for a trial de novo, which would most certainly result in a

dismissal of his charges altogether.4

 III. Conclusion

 We hold that this appeal is not properly before our Court and dismiss it

accordingly.

 DISMISSED.

 Judges STROUD and YOUNG concur.

 4 The General Assembly has authorized the State to move for appropriate relief to enter a final
judgment where a PJC had been previously granted. N.C. Gen. Stat. § 15A-1416 (b)(1). However, the
General Assembly has not granted a defendant this same right. It seems that the State is granted
this right as an enforcement mechanism to address situations where a defendant who has received a
PJC has not satisfied the conditions imposed by the court in exchange for the PJC.

 -6-