STATE OF NORTH CAROLINA v. JAMES ROBERT (DICK) SOUTHERN

No. 8317SC1291

. (Filed 4 December 1984)

**1. Criminal Law § 138— aggravating circumstances—prior convictions—consideration of prayer for judgment continued—improper**

The trial court should not have considered two convictions where prayer for judgment was continued in finding the aggravating factor of prior convictions and sentencing defendant to a greater than presumptive term. No judgment is entered and no appeal is possible where prayer for judgment is continued, and such convictions therefore do not meet the statutory definition of prior convictions. G.S. 15A-1340.2(4), G.S. 15A-1340.4(a)(1)(o).

**2. Criminal Law § 112.6— jury instruction—misstatement of law—subsequent correct statement—no plain error**

There was no plain error where the trial judge misstated the law by instructing the jury that defendant did not act in self-defense "if he inflicted serious bodily harm upon the deceased," but stated the law correctly in the conclusion to the initial instruction and in the final summary by saying that defendant did not act in self-defense if he was "the aggressor with the intent to kill or inflict serious bodily harm." App. Rule 10(b)(2).

**3. Criminal Law § 122.1— reinstruction on malice at jury's request—no additional instruction on self-defense—no error**

There was no abuse of discretion in a trial judge's decision not to reinstruct the jury on self-defense because the jury had requested additional instructions only on malice and additional instructions on self-defense might have unduly influenced them.

**4. Criminal Law §§ 73.4, 76.6— statements by defendant heard by investigating officer—voluntary—issue of reliability dropped**

There was no error in admitting statements made by defendant where the evidence at a *voir dire* showed that defendant was asked what happened by the investigating officer; that he told the officer to talk to the victim, who was leaning against an automobile; that defendant was talking with others at the other end of the station wagon while the officer questioned the victim; that defendant stated that he had knocked hell out of the victim; and that the statements were made within 15 minutes of his striking the victim. Although defendant originally raised the issue of reliability, he effectively dropped it by accepting the judge's suggestion that his objection involved voluntariness and by declining to make additional claims or arguments when invited to do so by the judge.

APPEAL by defendant from *Beaty, Judge.* Judgment entered 18 January 1983 in Superior Court, CASWELL County. Heard in the Court of Appeals 18 September 1984.

The State's evidence showed:

The defendant, Dick Southern, spent much of 30 September 1982 working on an automobile, which belonged to his friend Milton Lee Long. Long and another friend, William Thomas Williams, were with the defendant late in the afternoon of the 30th, as the defendant finished repairing Long's car. The three of them drank part of a bottle of gin. The defendant became involved in an argument with Mattie Farris, who lived in his house, over the keys to one of his cars. Defendant picked up a tire iron and approached Mattie Farris with it. Farris's daughter, Vivian, stepped between defendant and her mother, and told defendant not to hit her mother. Milton Long then approached defendant and began talking with him, and raised his arms in the air and waved them. Defendant told Long that he would hit Long with the tire iron, saying "Don't you believe I'll hit you?" Defendant then hit Long on the left side of the head, and Long fell to the ground. Defendant did not assist him.

The police and an ambulance were called, and by the time they arrived Long had regained consciousness and stood upright, propped against one of the cars. When asked what happened, he replied that he fell off a truck and struck his head. Defendant helped to persuade Long to go to a hospital. There, however, Long refused treatment. Defendant picked Long up from the hospital and took him home. Long was found dead the next morning at his home, the cause of death being the head injury received the night before.

The evidence presented by the defense showed, in pertinent part:

Mattie Farris and defendant had no argument over the use of defendant's car.

While defendant was working on Long's automobile, Long, who was intoxicated, jumped in the car and bumped it several times. The auto was on jacks and defendant was working under it. He told Long to stay off the car so it would not fall on him. Long continued to jump in the car, and defendant came out from under it and told Long that he had had too much to drink, and to go down the road and cool off. Long then pulled a knife, and approached defendant, swinging it at him. Defendant moved back-

wards into a tree, and then picked up a tire iron. He then moved backwards until he reached his car, where Long swung at Southern and cut its vinyl roof. Long continued to swing with the knife until defendant "tapped" him with the tire iron. Defendant claims that he did not help Long immediately after he had fallen because he did not know what to do.

Defendant was tried before a jury and was convicted of voluntary manslaughter on 17 January 1983. He was sentenced to eight years in prison. From this judgment he appeals.

*Attorney General Rufus L. Edmisten, by Associate Attorney Michael Smith, for the State.*

*George B. Daniel, and Ronald M. Price, by Ronald M. Price, for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the trial court erred in improperly sentencing him, in misstating the law when instructing the jury on self-defense, in failing to reinstruct the jury on self-defense, and in admitting evidence of defendant's statements over objection and without a proper voir dire. We find no error in the guilt phase of the trial. We find, however, that in the sentencing phase the trial court did err, and that defendant is therefore entitled to a new sentencing hearing.

[1] Defendant contends that the trial court's reliance on prior convictions where prayer for judgment had been continued to find an aggravating circumstance pursuant to G.S. 15A-1340.4(a)(1)(o) amounted to a denial of due process and a fair sentencing hearing. We agree.

The trial court found the statutory element of aggravation under G.S. 15A-1340.4(a)(1)(o): "[t]he defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days confinement." The definition of "prior conviction" appears in G.S. 15A-1340.2(4):

A person has received a prior conviction when he has been adjudged guilty of or has entered a plea of guilty or no contest to a criminal charge, *and judgment has been entered*

*thereon and the time for appeal has expired,* or the conviction has been finally upheld on direct appeal. (Emphasis added.)

Thus, an offense is a "prior conviction" under the Fair Sentencing Act only if the judgment has been entered and the time for appeal has expired, or the conviction has been upheld on appeal. When an accused is convicted with prayer for judgment continued, no judgment is entered, *see State v. Thompson,* 267 N.C. 653, 148 S.E. 2d 613 (1966), and no appeal is possible (until judgment is entered). Such a conviction therefore may not support a finding of an aggravating circumstance under G.S. 15A-1340.4 (a)(1)(o).

In the present case, the trial judge sentenced defendant to eight years in prison, rather than to the presumptive six years. He found one statutory aggravating circumstance, pursuant to G.S. 15A-1340.4(a)(1)(o), and no mitigating circumstances. His finding of the aggravating circumstance was based on two convictions where prayer for judgment was continued, a charge where the State entered a nolle prosequi (where there was no trial or conviction), and a conviction for a non-tax paid liquor violation, a non-violent offense for which defendant was placed on probation. Had the judge not considered the convictions where prayer for judgment was continued, he would have been left with the charge nolle prosequi and the non-tax paid liquor conviction. Further, had the judge considered only these two offenses (and, we note, the charge nolle prosequi involves no conviction), the outcome of the sentencing hearing might have been materially altered. The trial court's consideration of the two offenses where prayer for judgment was continued was improper and in the circumstances of this case denied the defendant a fair sentencing hearing. A new sentencing hearing is in order.

[2] The defendant contends further that the trial court erred in its instructions to the jury on the defendant's entitlement to a plea of self-defense. Defense counsel failed to object at trial to the court's instructions, despite ample opportunity to do so, and his claims now are therefore barred by Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure. The defendant urges that we order a new trial, Rule 10(b)(2) notwithstanding, on the basis of the "plain error" doctrine, recently adopted into North Caro-

lina law. *See State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). Defendant argues that the court's instructions so confused the jury on the legal elements that must be proved by the State to defeat his claim of self-defense as to prejudice him in making his case for self-defense. While we agree that there is some potential for confusion in the Pattern Jury Instructions, on which the judge relied, we believe that he so clarified their meaning that no "plain error" occurred.

The trial judge's instructions read in pertinent part:

Further, the defendant is not entitled to the benefit of self-defense if he was the aggressor with the intent to kill *or if he inflicted serious bodily harm upon the deceased.*

EXCEPTION NO. 19 (instruction should be deleted after word "or").

Therefore, in order for you to find the defendant guilty of murder in the second-degree, the State must prove beyond a reasonable doubt, among other things, that the defendant did not act in self-defense; or failing in this, the State must prove that the defendant, and prove beyond a reasonable doubt, that the defendant was the aggressor with the intent to kill *or that he inflicted serious bodily injury upon the deceased.*

If the State fails to prove either that the defendant did not act in self-defense or *was the aggressor with the intent to kill or inflict serious bodily harm,* you may not convict the defendant of second-degree murder; but you may convict the defendant of voluntary manslaughter if the State proves that the defendant was simply the aggressor without murderous intent in bringing on the fight in which the deceased was killed. . . . (Emphasis added.)

In his final mandate to the jury, the judge stated:

Third, the State must prove to you beyond a reasonable doubt that the defendant did not act in self-defense, that the defendant was *the aggressor in bringing on the fight with the intent to kill or inflict serious bodily harm* upon the deceased, Milton Lee Long. (Emphasis added.)

While the judge originally misstated the law by saying that the defendant did not act in self-defense "if he inflicted serious bodily harm upon the deceased" (this comes from the Pattern Jury Instructions), he stated the law correctly in concluding his initial instruction and in making his final summary of law for the jury. In both these latter instances, he properly stated that the defendant did not act in self-defense if he was "the aggressor with the intent to kill or inflict serious bodily harm." After considering the entire charge, we believe that the trial judge left the jury with an accurate view of the law of self-defense. Even if a proper objection had been made, the judge's errors would have been questionable grounds for reversal. *See State v. McCall*, 31 N.C. App. 543, 546-47, 230 S.E. 2d 195, 197-98 (1976). Moreover, our review of the entire record does not persuade us that the judge's misstatements, even if they did create some confusion, were so grave, and so manifestly unjust, that they were "plain error," causing a "probable impact" on the jury's finding that the defendant was guilty of voluntary manslaughter. *See Odom*, 307 N.C. at 660.

[3] We reject defendant's third contention that the trial judge should have reinstructed the jury on self-defense, once he had reinstructed on malice. Whether a judge reinstructs the jury as requested by counsel is a matter in his discretion, G.S. 15A-1234. In this case, the judge's decision not to reinstruct on self-defense, because the jury requested only additional instructions on malice and because his giving additional instructions on self-defense might unduly influence them, was no abuse of discretion.

[4] We also reject defendant's contentions that a proper voir dire to determine the voluntariness of defendant's statements was not held and that defendant's statements were involuntary and inadmissible. The record indicates that after a police officer, Maynard Smith, described at trial the circumstances in which he overheard the defendant make incriminating statements, the defense counsel objected. The trial judge immediately cleared the courtroom, and the defense counsel then explained his objection. He expressed concern about the reliability of the testimony, in light of the police officer's physical distance from the defendant and the fact that several people were talking at once. The court then asked, "Are you saying that it was not a voluntary statement?" The defense counsel replied, "Yes, sir." The defense

counsel apparently dropped his objection concerning reliability when the judge suggested the problem of voluntariness. The judge then heard arguments of opposing counsel on the voluntariness of the defendant's statements. The judge gave the defense counsel opportunity to make additional arguments or to raise further questions on the admissibility of the evidence, but he declined. Although additional evidence was not offered during the hearing, we find that it was essentially a proper voir dire, in that the judge cleared the courtroom and heard arguments of opposing counsel, based on the police officer's testimony prior to the objection. *See State v. Fox*, 277 N.C. 1, 24, 175 S.E. 2d 561, 575 (1970).

The findings by the trial court after the voir dire, that the defendant's statements were voluntary, "are conclusive and binding upon appellate courts if supported by competent evidence in the record . . . even though the evidence is conflicting." *State v. Corley*, 310 N.C. 40, 52, 311 S.E. 2d 540, 547 (1984). Our task on review is to determine whether the "totality of the circumstances" provide competent evidence that the defendant's statements were voluntary. *Corley*, 310 N.C. at 47-48. We find that they do.

The record shows that when the police arrived at the defendant's residence, they found a group of people standing in the yard. Officer Smith walked up to defendant and asked him what happened. He replied that Smith should talk to Milton Long, who was leaning against an automobile. Smith asked Long three times what had happened, and he replied each time that he had fallen off a truck. Smith testified that while he was talking to Long, the defendant, who was at the other end of the station wagon from Long, talking with other people around him, stated, among other things, that he had knocked the hell out of Milton Long. The defendant was not in the custody of the police. The police did not know that he had hit Milton Long until he made this statement. The only question put to defendant was what had happened, and his answer diverted the attention of the police to Milton Long. In light of these circumstances, we find that defendant's utterances were spontaneous and voluntary.

Although the defense counsel originally raised the question of reliability, he effectively dropped it when he accepted the

judge's suggestion that his objection involved voluntariness. The judge invited him in the voir dire to make additional claims or arguments, but he declined. If the judge committed any error in recasting the defense objection, the defense counsel by his acquiescence waived any exception. The defendant's statements were admissible under the res gestae exceptions, since they were made within fifteen minutes of his striking Milton Long. We find no grounds for a new trial, but remand for a new sentencing hearing.

No error in the trial. Remand for resentencing.

Judges WELLS and HILL concur.