State v. Soles

STATE OF NORTH CAROLINA v. MARY JEAN SOLES, Defendant

No. 8713SC1164

(Filed 21 June 1988)

**Criminal Law § 138.28— prior conviction—prayer for judgment continued—improper aggravating factor**

The trial court erred in finding as an aggravating factor that defendant was twice convicted of communicating threats where one of those convictions resulted in a prayer for judgment continued which cannot support a finding of prior conviction as an aggravating factor.

APPEAL by defendant from *Hight, Judge*. Judgment entered 2 July 1987 in Superior Court, COLUMBUS County. Heard in the Court of Appeals 10 May 1988.

Defendant was charged in a proper bill of indictment with assault with a deadly weapon inflicting serious injury. At trial, the evidence tended to show that defendant threw hot grease on her ex-husband, Lewis Soles. The jury found defendant guilty and the trial court conducted a sentencing hearing.

At the sentencing hearing, the prosecutor introduced certified copies of two warrants for arrest against defendant for communicating threats and the judgments in those cases. One of the two convictions for communicating threats resulted in a prayer for judgment continued.

The trial court found as an aggravating factor that defendant had two prior convictions for communicating threats punishable by more than 60 days' confinement. The trial court found as a mitigating factor that the relationship between the defendant and the victim was an extenuating circumstance. The trial court imposed a ten-year term of imprisonment after finding that the aggravating factors outweighed the mitigating factors. The ten-year term exceeded the three-year presumptive term for the offense. From the judgment of the trial court, defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General David N. Kirkman, for the State.*

*Musselwhite, Musselwhite & McIntyre, by David F. Branch, Jr., for defendant appellant.*

ARNOLD, Judge.

The trial court erred in sentencing defendant by considering as an aggravating factor a prior conviction for communicating threats where prayer for judgment was continued. When an accused is convicted with prayer for judgment continued, no judgment is entered. *State v. Southern*, 71 N.C. App. 563, 322 S.E. 2d 617 (1984), *aff'd per curiam*, 314 N.C. 110, 331 S.E. 2d 688 (1985). A conviction with prayer for judgment continued cannot support a finding of prior conviction as an aggravating factor. *Id.*

In the case *sub judice*, the trial court erred in finding that defendant was twice convicted of communicating threats since one of those convictions resulted in the direction of a prayer for judgment continued. Although the weight given to any particular aggravating factor is within the discretion of the trial judge, a case must be remanded for a new sentencing hearing if the trial judge errs in finding an aggravating factor and imposes a sentence beyond the presumptive term. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983). Accordingly, defendant is entitled to a new sentencing hearing.

Remanded for resentencing.

Judges ORR and GREENE concur.