THE NORTH CAROLINA STATE BAR, PLAINTIFF v. BRENT E. WOOD, ATTORNEY,
DEFENDANT

No. COA10-463

(Filed 1 February 2011)

### 1. Attorneys— disciplinary action—convicted of criminal offense

The North Carolina State Bar Disciplinary Hearing Commission did not err by disbarring defendant attorney in 2006 and reinstating this disbarment in 2009 based solely upon his conviction of criminal offenses even though no judgment of conviction had been entered against him. N.C.G.S. § 87- 28(b)(1) provides that an attorney must be convicted of a criminal offense showing professional unfitness instead of requiring a judgment of conviction be entered.

### 2. Attorneys— disbarment—conditional reinstatement of right to practice law

The North Carolina State Bar Disciplinary Hearing Commission (DHC) did not err by granting only a conditional reinstatement of defendant attorney's right to practice law rather than vacating the original order of disbarment. Defendant failed to appeal from the 6 August 2007 order vacating his disbarment. Further, DHC had the inherent authority to place the condition upon the vacation of its order of disbarment upon future actions of an appellate court.

### 3. Appeal and Error— preservation of issues—default judgment—failure to attack trial court judgment

The North Carolina State Bar Disciplinary Hearing Commission did not violate defendant attorney's due process rights and the North Carolina Administrative Code by reinstating defendant's disbarment without conducting a hearing. Defendant never moved to vacate the 20 September 2006 entry of default against him and never appealed the 27 October 2006 order of discipline based thereon. Further, all of the facts supporting the reinstatement of defendant's disbarment had been affirmatively established in the prior proceedings.

Appeal by defendant from a disciplinary order entered 10 December 2009 by the Disciplinary Hearing Commission of the North Carolina State Bar. Heard in the Court of Appeals 3 November 2010.

*The North Carolina State Bar, by Counsel Katherine Jean and Deputy Counsel David R. Johnson, for plaintiff-appellee.*

*Brent E. Wood, pro se defendant-appellant.*

STEELMAN, Judge.

Where the Disciplinary Hearing Commission of the North Carolina State Bar was only required to find defendant was convicted of a criminal offense in order to impose discipline, the Disciplinary Hearing Commission did not err in imposing discipline on defendant prior to entry of a judgment of conviction. Defendant did not seek review of the 6 August 2007 order conditionally vacating his disbarment; therefore, any arguments relating to that order were not timely made and will not be considered. Where the original order of discipline was based upon a default, the allegations contained in the original complaint are deemed admitted, and defendant was not entitled to a new hearing when his disbarment was reinstated.

## I.—Factual and Procedural History

On 11 May 2006, Brent E. Wood ("defendant") was convicted in the United States District Court for the Eastern District of North Carolina of one count of conspiracy to commit mail fraud and wire fraud, six counts of mail fraud, and one count of conspiracy to commit money laundering. On 20 May 2006, the North Carolina State Bar ("Bar") filed a complaint against defendant before its Disciplinary Hearing Commission ("DHC") requesting that disciplinary action be taken against defendant for violations of N.C. Gen. Stat. § 84-28(b)(1) (2006) and Revised Rules of Professional Conduct 8.4(b) and (c). The Bar alleged that "[t]he offenses of which Wood was convicted [were] criminal acts showing professional unfitness in violation of N.C. Gen. Stat. 84-28(b)(1)" and "constitute[d] criminal conduct that reflects adversely upon his honesty, trustworthiness or fitness as a lawyer in violation of Revised Rule 8.4(b) and conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Revised Rule 8.4(c)." An amended complaint was filed by the Bar on 18 July 2006. Defendant failed to answer the Bar's complaint, and default was entered against defendant on 20 September 2006. Defendant was disbarred in an order of discipline dated 27 October 2006. The order

of disbarment was based upon both his criminal convictions and conduct involving dishonesty, fraud, deceit or misrepresentation under Revised Rule 8.4(c).

Following the return of the verdict, defendant moved the United States District Court for a judgment of acquittal, or alternatively for a new trial. On 20 July 2007, the Honorable Terrence W. Boyle entered an order granting defendant's motion for judgment of acquittal and conditionally granting defendant's motion for new trial should the judgment of acquittal be reversed or vacated. On 6 August 2007, based upon this order, the DHC vacated defendant's disbarment upon the express proviso that if defendant's conviction was reinstated by an appellate court, his disbarment would be reinstated. This order also provided that the Bar was not precluded from conducting a disciplinary proceeding based upon the underlying facts as provided in N.C. Gen. Stat. § 84-28(d). On 14 August 2009, the United States Court of Appeals for the Fourth Circuit reversed the district court's judgment of acquittal and conditional grant of a new trial, and remanded the matter to the district court for further proceedings consistent with its opinion. Based upon the Court of Appeals' reversal, on 10 December 2009 the DHC reinstated the 27 October 2006 order of disbarment.

Defendant appeals.

## II.—Judgment of Conviction

[1] In his first argument, defendant contends that the DHC erred in disbarring defendant in 2006 and reinstating this disbarment in 2009 based solely upon his conviction of criminal offenses when no judgment of conviction has been entered against him. We disagree.

Defendant's argument conflates a conviction and a judgment of conviction. In defendant's brief he states that "federal law . . . requires both a jury verdict and sentencing before a defendant is convicted." However, Black's Law Dictionary defines "conviction" as "1. The act or process of judicially finding someone guilty of a crime; the state of having been proved guilty. 2. The judgment (as by a jury verdict) that a person is guilty of a crime." 358 (8th ed. 2004). "Judgment of conviction" is defined as "1. The written record of a criminal judgment, consisting of the plea, the verdict or findings, the adjudication, and the sentence. Fed. R. Crim. P. 32(d)(1). 2. A sentence in a criminal case." Black's Law Dictionary 860 (8th ed. 2004). A judgment of conviction is one step beyond conviction. A judgment of conviction

involves not only conviction but also the imposition of a sentence. This distinction has been recognized in both North Carolina statutes and case law. N.C. Gen. Stat. § 15A-1331(b) (2009) states "[f]or the purpose of imposing sentence, a person has been convicted when he has been adjudged guilty or has entered a plea of guilty or no contest." This Court has "interpreted N.C. Gen. Stat. § 15A-1331(b) to mean that formal entry of judgment is not required in order to have a conviction." *State v. Hatcher*, 136 N.C. App. 524, 527, 524 S.E.2d 815, 817 (2000), citing *State v. Fuller*, 48 N.C. App. 418, 268 S.E.2d 879, *disc. review denied*, 301 N.C. 403, 273 S.E.2d 448 (1980).

Defendant correctly notes that no judgment of conviction has been entered against him for his federal criminal convictions; however, a judgment of conviction is not necessary in order for the DHC to impose discipline. The DHC in its original order disbarred defendant based upon his violations of N.C. Gen. Stat. § 84-28(b)(1) and (2) (2006), which read as follows:

> (b) The following acts or omissions by a member of the North Carolina State Bar or any attorney admitted for limited practice under G.S. 84-4.1, individually or in concert with any other person or persons, shall constitute misconduct and shall be grounds for discipline whether the act or omission occurred in the course of an attorney-client relationship or otherwise:
>
> (1) *Conviction* of, or a tender and acceptance of a plea of guilty or no contest to, a criminal offense showing professional unfitness;
>
> (2) The violation of the Rules of Professional Conduct adopted and promulgated by the Council in effect at the time of the act.

(emphasis added). The plain language of this statute requires that an attorney be "*convicted of* . . . a criminal offense showing professional unfitness," not that a judgment of conviction be entered.

Defendant argues that under Federal Rule of Criminal Procedure 32(k) he has not been convicted of any crimes, since no judgment has been imposed by the district court. He further contends that it was improper to disbar him in the absence of a judgment. Federal Rule of Criminal Procedure 32(k)(1) states:

> In General. In the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence. If the defendant is found not guilty or is

otherwise entitled to be discharged, the court must so order. The judge must sign the judgment, and the clerk must enter it.

This Rule refers to a judgment of conviction, not a conviction. Under the statutes and rules applicable to the entry of an order of discipline, all that is required is a conviction, not a judgment of conviction.

Defendant further contends that the instant case is analogous to the New York Court of Appeals case of *In re Delany*, that held a final order of sanction against an attorney was prematurely imposed because the attorney had pled guilty to several federal crimes but had not yet been sentenced. 663 N.E.2d 625 (N.Y. Ct. App. 1996). However, the applicable New York law stated that "upon a judgment of conviction against an attorney becoming final the appellate division of the supreme court shall order the attorney to show cause why a final order of suspension, censure or removal from office should not be made." *Id.* at 626. The requirements of the New York law differ from the applicable North Carolina statutes and rules, requiring a judgment of conviction rather than a conviction. We hold that the DHC properly entered an order of discipline against defendant based upon his convictions.

This argument is without merit.

### III.—2007 Order Vacating Order of Disbarment

[2] In his second argument, defendant contends the DHC erred in only granting a conditional reinstatement of Wood's right to practice law rather than vacating the original order of disbarment. We disagree.

On 6 August 2007, the DHC ordered that the 27 October 2006 order of discipline entered against defendant be vacated; "provided, however, that should Defendant's conviction be reinstated by an appellate court, the Order of Discipline dated October 27, 2006 in this matter shall be reinstated." The order vacating the order of disbarment was entered pursuant to N.C. Gen. Stat. § 84-28(d) (2007) which provides in relevant part:

An order of discipline based solely upon a conviction of a criminal offense showing professional unfitness shall be vacated immediately upon receipt by the Secretary of the North Carolina State Bar of a certified copy of a judgment or order reversing the conviction. The fact that the attorney's criminal conviction has been overturned on appeal shall not prevent the North Carolina State Bar from conducting a disciplinary proceeding against the attorney

based upon the same underlying facts or events that were the subject of the criminal proceeding.

Defendant argues that under N.C. Gen. Stat. § 84-28(d) the Bar was required to vacate his disbarment unconditionally, and was without authority to provide that the disbarment would be reinstated if his convictions were reinstated by an appellate court.

We first note that defendant did not appeal the reinstatement order of 6 August 2007. N.C. Gen. Stat. § 84-28(h) (2007) provides in part that:

> There shall be an appeal of right by either party from any final order of the Disciplinary Hearing Commission to the North Carolina Court of Appeals. Review by the appellate division shall be upon matters of law or legal inference. The procedures governing any appeal shall be as provided by statute or court rule for appeals in civil cases.

Rule 3(c)(1) of the North Carolina Rules of Appellate Procedure requires that a party must give notice of appeal within thirty days of entry of judgment. In this case, defendant did not appeal the 6 August 2007 order vacating his disbarment. The only question is whether that order was a "final order" as contemplated by N.C. Gen. Stat. § 84-28(h). We hold that it was a final order. Even though the order contained a provision dealing with the possibility that the disbarment could be reinstated, any future action was dependent upon a decision of the federal court, and not upon a further decision or action by the DHC. The Rules and Regulations of the North Carolina State Bar clearly contemplate the DHC imposing conditions on a lawyer's reinstatement. Section B.0125(d) of the Rules states "[t]he hearing committee may impose reasonable conditions on a lawyer's reinstatement from disbarment, suspension or disability inactive status in any case in which the hearing committee concludes that such conditions are necessary for the protection of the public." Annotated Rules of North Carolina 522 (2007). Defendant failed to timely appeal the 6 August 2007 order of the DHC, and this order is not properly before this Court.

Further, we hold that the DHC had the inherent authority to place the condition upon the vacation of its order of disbarment based upon future actions of an appellate court. The Bar has no control over either the criminal trial or appellate process in the state or federal court, and acted appropriately in issuing an order of reinstatement conditioned upon the result of future action in the federal court.

## IV.—Reinstatement of Disbarment without Hearing

**[3]** In his third argument, defendant contends the DHC erred by reinstating defendant's disbarment without conducting a hearing in violation of defendant's due process rights and the North Carolina Administrative Code. We disagree.

> When default is entered due to defendant's failure to answer, the substantive allegations raised by plaintiff's complaint are no longer in issue, and for the purposes of entry of default and default judgment are deemed admitted. However, following entry of default in favor of plaintiff, defendant is entitled to a hearing where he may move to vacate such entry.

*Bell v. Martin,* 299 N.C. 715, 721, 264 S.E.2d 101, 105 (1980) (citation omitted). Defendant never moved to vacate the 20 September 2006 entry of default against him and never appealed the 27 October 2006 order of discipline based thereon. Defendant cannot now challenge the findings of fact and conclusions of law contained in those orders. "Failure to attack the judgment at the trial court level precludes such an attack on appeal." *University of N. Carolina v. Shoemate,* 113 N.C. App. 205, 216, 437 S.E.2d 892, 898 (1994) (citation omitted).

The findings of fact and conclusions of law supporting the defendant's disbarment had been affirmatively established by the prior unchallenged entry of default and order of discipline entered against defendant. Defendant was not entitled to a hearing, because all of the facts supporting the reinstatement of defendant's disbarment had been affirmatively established in the prior proceedings against defendant. *See Martin,* 299 N.C. at 721, 264 S.E.2d at 105.

AFFIRMED.

Judges STEPHENS and ROBERT N. HUNTER, Jr., concur.