IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-710

Filed: 18 February 2020

Alexander County, No. 18 CVS 394

PAUL KIPLAND MACE, Petitioner,

v.

NORTH CAROLINA DEPARTMENT OF INSURANCE, Respondent.

Appeal by Petitioner from order and judgment entered 4 April 2019 by Judge David A. Phillips in Alexander County Superior Court. Heard in the Court of Appeals 22 January 2020.

> *Wyatt Early Harris Wheeler LLP, by Donavan J. Hylarides, for Petitioner-Appellant.*

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General M. Denise Stanford and Assistant Attorney General LaShawn S. Piquant, for Respondent-Appellee.*

COLLINS, Judge.

Paul Kipland Mace appeals from the trial court's order affirming an order and final agency decision of the North Carolina Department of Insurance. The issue before this Court is whether a verdict of guilty of simple assault after a plea of not guilty, and the district court's subsequent entry of a prayer for judgment continued, is an "adjudication of guilt" and thus a "conviction" for purposes of N.C. Gen. Stat.

§ 58-2-69(c).  Because we answer this question in the affirmative, we discern no legal error in the agency's decision.  Accordingly, we affirm the trial court's order.

## I. Procedural and Factual History

Paul Kipland Mace ("Petitioner") is an insurance agent who has been licensed by Respondent North Carolina Department of Insurance ("DOI") since 1993.  In May 2013, Petitioner was charged with simple assault, a class 2 misdemeanor offense. Petitioner pled not guilty.

After a bench trial in district court on 17 January 2017, Petitioner was found guilty of simple assault.  Judgment was continued upon payment of court costs ("prayer for judgment continued" or "PJC").  Petitioner did not report the case to the DOI.

Soon after the guilty verdict and PJC were entered, the DOI received an anonymous communication stating that Petitioner had been convicted of assault.  The DOI contacted Petitioner to ask why he had not reported the conviction under N.C. Gen. Stat. § 58-2-69(c) ("the reporting statute"), which requires a licensee to notify the Commissioner of Insurance in writing of a conviction within 10 days after the date of the conviction.  Petitioner replied, "I never knew I was supposed to report this prayer for judgment of simple assault or I would have right away."

Petitioner's attorney advised him that he did not need to notify the DOI because the district court had entered a PJC, and "there had been no adjudication of

guilt, plea of guilty, or plea of no contest." After further communication with the DOI, Petitioner requested an administrative hearing.

An administrative hearing was conducted by the DOI on 23 May 2018 and an Order and Final Agency Decision ("Decision") was issued on 23 July 2018. The hearing officer found that Petitioner had been charged with simple assault, pled not guilty, was found guilty in district court, was required but failed to report the conviction to the DOI, and relied on the advice of his attorney that he was not required to report the case to the DOI. The hearing officer concluded that "the judge's rendering of a guilty verdict . . . is a 'conviction' under N.C. Gen. Stat. § 58-2-69(c)"; "judgment on the conviction was continued upon the payment of court costs"; Petitioner was required to report the conviction regardless of the judgment issued; and Petitioner violated the reporting statute by not reporting the conviction. Based in part on the fact that Petitioner had relied on the advice of counsel in not reporting the conviction, Petitioner was ordered to pay a $100 civil penalty instead of having his license revoked or suspended.

On 31 July 2018, Petitioner filed in superior court a petition for judicial review of the Decision, seeking, inter alia, a stay of the Decision and an order setting aside the Decision. The superior court stayed the Decision pending judicial review. After a hearing on 4 March 2019, the superior court entered an Order and Judgment ("Order") on 4 April 2019, affirming the Decision.

Petitioner filed timely notice of appeal to this Court.

## II. Discussion

Petitioner argues that the trial court erred when it held that a PJC following a plea of not guilty is a conviction under the reporting statute. Petitioner's argument is misguided.

In reviewing a trial court's order concerning an agency decision, this Court must (1) "determin[e] whether the trial court exercised the appropriate scope of review and, if appropriate, (2) decid[e] whether the court did so properly." *ACT-UP Triangle v. Comm'n for Health Servs.*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997) (internal quotation marks and citation omitted). A trial court should apply a de novo standard of review when the nature of the petitioner's challenge to the agency decision is that it was based on an error of law. *Amanini v. N.C. Dep't of Human Res.*, 114 N.C. App. 668, 677, 443 S.E.2d 114, 119 (1994). "[W]hen the issue on appeal is whether a state agency erred in interpreting a statutory term, an appellate court may substitute its own judgment for that of the agency and employ de novo review." *Id.* at 678, 443 S.E.2d at 120 (internal quotation marks, brackets, emphasis, and citation omitted). Accordingly, we consider de novo whether the DOI erred in concluding that "the judge's rendering of a guilty verdict . . . is a 'conviction' under N.C. Gen. Stat. § 58-2-69(c)" such that Petitioner violated the reporting statute by not reporting the conviction.

Under N.C. Gen. Stat. § 58-2-69(c),

> If a licensee is convicted in any court of competent jurisdiction for any crime or offense other than a motor vehicle infraction, the licensee shall notify the Commissioner in writing of the conviction within 10 days after the date of the conviction. As used in this subsection, "conviction" includes an adjudication of guilt, a plea of guilty, or a plea of nolo contendere.

N.C. Gen. Stat. § 58-2-69(c) (2017). Accordingly, "an adjudication of guilt" is a "conviction" for purposes of this statute. *Id.* "Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give it its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." *Walters v. Cooper*, 226 N.C. App. 166, 169, 739 S.E.2d 185, 187, *aff'd*, 367 N.C. 117, 748 S.E.2d 144 (2013) (internal quotation marks and citation omitted).

"Adjudication" is defined as "the process of judicially deciding a case." *Adjudication, Black's Law Dictionary* (11th ed. 2019); *see also Adjudication, Ballentine's Law Dictionary* (3d ed. 2010) (defining "adjudication" as "[t]he determination of the issues in an action according to which judgment is rendered; a solemn, final, and deliberate determination of an issue by the judicial power, after a hearing in respect to the matters determined"). "Guilt" is defined as "[t]he fact, state, or condition of having committed a . . . crime." *Guilt, Black's Law Dictionary* (11th ed. 2019); *see also Guilt, Ballentine's Law Dictionary* (3d ed. 2010) (defining "guilt" as

"[c]riminality; culpability; guiltiness; the antithesis of innocence"). Based on this plain meaning of the phrase "adjudication of guilt," the language of the statute is clear and unambiguous that a finding of guilty by verdict of a judge is an adjudication of guilt, and thus a conviction, under N.C. Gen. Stat. § 58-2-69(c).

Here, the fact that the trial court issued a prayer for judgment continued does not alter the plain language of this statute; nothing in the statute suggests that "conviction" means and includes a guilty verdict only in those instances in which the trial court does not enter a prayer for judgment continued. *See Britt v. N.C. Sheriffs' Educ. & Training Standards Comm'n*, 348 N.C. 573, 577, 501 S.E.2d 75, 77 (1998) (holding that an agency properly interpreted "conviction" as defined by the relevant administrative regulation to include a plea of no contest, despite the fact that defendant's plea of no contest was followed by a prayer for judgment continued). "A judgment of conviction is one step beyond conviction. A judgment of conviction involves not only conviction but also the imposition of a sentence. This distinction has been recognized in both North Carolina statutes and case law." *N.C. State Bar v. Wood*, 209 N.C. App. 454, 456-57, 705 S.E.2d 782, 784 (2011).

"For the purpose of imposing sentence" under the North Carolina Criminal Procedure Act, "a person has been convicted when he has been adjudged guilty or has entered a plea of guilty or no contest." N.C. Gen. Stat. § 15A-1331(b) (2019). "This Court has interpreted N.C. Gen. Stat. § 15A-1331(b) to mean that formal entry of

judgment is not required in order to have a conviction." *Wood*, 209 N.C. App. at 457,

705 S.E.2d at 784 (internal quotation marks and citation omitted).

In *Wood*, this Court held that the Disciplinary Hearing Commission of the

North Carolina State Bar ("DHC") properly entered an order of discipline disbarring

defendant based upon his criminal convictions, despite the fact that no judgment of

conviction had been entered. *Id.* at 455, 705 S.E.2d at 783. Defendant was convicted

in federal district court of several crimes. *Id.* at 455, 705 S.E.2d at 784. The DHC

disbarred defendant based upon his violations of N.C. Gen. Stat. § 84-28(b)(1) and (2),

which read, in pertinent part, as follows:

> (b) The following acts or omissions by a member of the
> North Carolina State Bar . . . shall constitute misconduct
> and shall be grounds for discipline . . . :
>
> (1) *Conviction* of, or a tender and acceptance of a plea of
> guilty or no contest to, a criminal offense showing
> professional unfitness;
>
> (2) The violation of the Rules of Professional Conduct . . . .

*Id.* at 457, 705 S.E.2d at 785 (quoting N.C. Gen. Stat. § 84-28(b)(1) and (2) (2006)).

Following the return of the verdict, the district court granted defendant's

motion for judgment of acquittal and conditionally granted defendant's motion for a

new trial, should the judgment of acquittal be reversed or vacated. *Id.* at 456, 705

S.E.2d at 784. Based upon this order, the DHC conditionally vacated defendant's

disbarment. The appellate court reversed the district court's judgment of acquittal

and conditional grant of a new trial, and remanded the matter to the district court

for further proceedings consistent with its opinion. Based upon the appellate court's reversal, the DHC reinstated the order of disbarment. *Id.*

On appeal to this Court, defendant argued that the DHC erred in disbarring him and reinstating this disbarment based upon his conviction of criminal offenses when no judgment of conviction had been entered. This Court noted, "[d]efendant's argument conflates a conviction and a judgment of conviction." *Id.* This Court held that the DHC properly disciplined defendant because "[t]he plain language of this statute requires that an attorney be '*convicted of* . . . a criminal offense showing professional unfitness,' not that a judgment of conviction be entered." *Id.* at 457, 705 S.E.2d at 785.

Here, as in *Wood*, Petitioner's "argument conflates a conviction and a judgment of conviction." *Id.* at 456, 705 S.E.2d at 784. Petitioner was found guilty of simple assault by verdict of a judge in district court. This judicial verdict of guilt was an "adjudication of guilt" under N.C. Gen. Stat. § 58-2-69(c). This adjudication of guilt was, in turn, a "conviction" for purposes of N.C. Gen. Stat. § 58-2-69(c). The plain language of the reporting statute requires that a licensee be "convicted in any court of competent jurisdiction for any crime or offense other than a motor vehicle infraction[,]" N.C. Gen. Stat. § 58-2-69(c), "not that a judgment of conviction be entered," *Wood*, 209 N.C. App. at 457, 705 S.E.2d at 785. Thus, Petitioner was

required to notify the Commissioner in writing of his conviction of simple assault by 27 January 2017, 10 days after the date of the conviction.

Petitioner argues that,

> [b]ased on *expressio unius est exclusio alterius*, a "conviction" for purposes [N.C. Gen. Stat.] § 58-2-69(c) can mean only one of three things: 1) an adjudication of guilt; 2) a plea of guilty; or 3) a plea of nolo contendere (no contest). There is no dispute that [Petitioner] did not plead guilty or nolo contendere. He pled "not guilty". . . . Therefore, [Petitioner's] continued judgment, or prayer for judgment continued, can only be a "conviction" for purposes of [N.C. Gen. Stat.] § 58-2-69(c) if it is "an adjudication of guilt".

By this argument, Petitioner completely disregards the fact that he was *found guilty* by verdict of a judge in district court. It is this guilty verdict that is an adjudication of guilt and thus a conviction under the statute.

Petitioner further contends that a PJC upon payment of costs, without more, does not constitute an entry of judgment. Without a judgment, Petitioner's argument continues, there has been no adjudication of guilt. Petitioner relies on cases in which our appellate courts have held that a PJC is not a conviction for purposes of other statutes. Those cases are readily distinguishable from the present case.

In *State v. Southern*, 71 N.C. App. 563, 322 S.E.2d 617 (1984), *aff'd*, 314 N.C. 110, 331 S.E.2d 688 (1985), this Court held that, based on the statutory definition of "prior conviction" in the Fair Sentencing Act, a conviction with prayer for judgment

continued cannot support a finding of prior convictions as an aggravating factor. We

stated:

> The definition of "prior conviction" appears in [N.C. Gen.
> Stat. §] 15A-1340.2(4):
>
>> A person has received a prior conviction when
>> he has been adjudged guilty of or has entered
>> a plea of guilty or no contest to a criminal
>> charge, *and judgment has been entered*
>> *thereon and the time for appeal has expired*, or
>> the conviction has been finally upheld on
>> direct appeal. (Emphasis added.)
>
> Thus, an offense is a "prior conviction" under the Fair
> Sentencing Act only if the judgment has been entered and
> the time for appeal has expired, or the conviction has been
> upheld on appeal. When an accused is convicted with
> prayer for judgment continued, no judgment is entered,
> and no appeal is possible (until judgment is entered). Such
> a conviction therefore may not support a finding of an
> aggravating circumstance under [N.C. Gen. Stat. §] 15A-
> 1340.4(a)(1)(o).

*Id.* at 565-66, 322 S.E. 2d at 619 (internal citation omitted).

In contrast to N.C. Gen. Stat. § 15A-1340.2(4) at issue in *Southern*, which

specifically required both an adjudication of guilt and entry of judgment thereupon,

the reporting statute at issue in this case defines conviction solely as an adjudication

of guilt, and does not require entry of judgment upon that adjudication.

In *Florence v. Hiatt*, 101 N.C. App. 539, 400 S.E.2d 118 (1991), this Court

considered the meaning of "final conviction" in the context of our motor vehicle

statutes. Defendant was convicted of operating a motor vehicle without a license. *Id.*

at 540, 400 S.E.2d at 119. He received a PJC from the trial court, which included certain non-punitive conditions. The Department of Motor Vehicles ("DMV") subsequently revoked defendant's license pursuant to the then-applicable version of N.C. Gen. Stat. § 20-28.1, which mandated that the DMV revoke an individual's driver's license upon his conviction of a moving violation during a period of revocation. At that time, N.C. Gen. Stat. § 20-24(c) defined "conviction" as a "final conviction of a criminal offense." *Id.* at 540-41, 400 S.E.2d at 119-20; N.C. Gen. Stat. § 20-24(c) (1987).

Defendant obtained a permanent injunction against the DMV, enjoining it from suspending his license. *Florence*, 101 N.C. App. at 540, 400 S.E.2d at 119. The DMV appealed. "The issue on appeal [was] whether the conditional language in [the trial court's] order render[ed] the putative 'prayer for judgment continued' a final conviction." *Id.* This Court held that a true PJC does not operate as a "final conviction" for purposes of our motor vehicle statutes. *Id. at* 542, 400 S.E.2d at 121.

Similarly, in *Walters*, this Court confronted the question of whether a PJC entered on a conviction "makes that conviction a 'final conviction,' and thus a 'reportable conviction,'" for purposes of the sex offender registration statute. *Walters*, 226 N.C. App. at 168, 739 S.E.2d at 186-87. This Court noted that "the term 'final conviction' has no ordinary meaning, and is not otherwise defined by the [sex offender registration] statute." *Id.* at 169, 739 S.E.2d at 187. This Court "assume[d] that the

legislature enacted Section 14-208.6 with an awareness of *Florence*, and yet chose not to articulate whether PJCs are 'final convictions' for the purposes of the registration statute. This suggests that the legislature saw no need to do so, even in light of case law holding PJCs are not 'final convictions' in the context of another statutory scheme employing similar language." *Id.* at 170, 739 S.E.2d at 188. Accordingly, we held that "a true PJC does not operate as a 'final conviction' for the purposes of" the sex offender registration statute. *Id.* at 171, 739 S.E.2d at 188.

In contrast to the motor vehicle statutes at issue in *Florence* and the sex offender registration statute at issue in *Walters*, both of which required a "final conviction," the reporting statute at issue in this case requires only a "conviction," which is specifically defined as "an adjudication of guilt." Thus, Petitioner's reliance on these distinguishable cases to support his argument that there has been no conviction under the reporting statute due to the trial court's entry of a PJC is without merit.

### III. Conclusion

Because we conclude that a verdict of guilty of simple assault, regardless of the district court's subsequent entry of a PJC, is an "adjudication of guilt" and thus a "conviction" for purposes of N.C. Gen. Stat. § 58-2-69(c), we affirm the trial court's Order affirming the Decision of the DOI.

AFFIRMED.

Judges ARROWOOD and HAMPSON concur.