IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-710

 Filed: 18 February 2020

Alexander County, No. 18 CVS 394

PAUL KIPLAND MACE, Petitioner,

 v.

NORTH CAROLINA DEPARTMENT OF INSURANCE, Respondent.

 Appeal by Petitioner from order and judgment entered 4 April 2019 by Judge

David A. Phillips in Alexander County Superior Court. Heard in the Court of Appeals

22 January 2020.

 Wyatt Early Harris Wheeler LLP, by Donavan J. Hylarides, for Petitioner-
 Appellant.

 Attorney General Joshua H. Stein, by Assistant Attorney General LaShawn S.
 Piquant, for Respondent-Appellee.

 COLLINS, Judge.

 Paul Kipland Mace appeals from the trial court’s order affirming an order and

final agency decision of the North Carolina Department of Insurance. The issue

before this Court is whether a verdict of guilty of simple assault after a plea of not

guilty, and the district court’s subsequent entry of a prayer for judgment continued,

is an “adjudication of guilt” and thus a “conviction” for purposes of N.C. Gen. Stat.

§ 58-2-69(c). Because we answer this question in the affirmative, we discern no legal

error in the agency’s decision. Accordingly, we affirm the trial court’s order.
 MACE V. N.C. DEP’T OF INSURANCE

 Opinion of the Court

 I. Procedural and Factual History

 Paul Kipland Mace (“Petitioner”) is an insurance agent who has been licensed

by Respondent North Carolina Department of Insurance (“DOI”) since 1993. In May

2013, Petitioner was charged with simple assault, a class 2 misdemeanor offense.

Petitioner pled not guilty.

 After a bench trial in district court on 17 January 2017, Petitioner was found

guilty of simple assault. Judgment was continued upon payment of court costs

(“prayer for judgment continued” or “PJC”). Petitioner did not report the case to the

DOI.

 Soon after the guilty verdict and PJC were entered, the DOI received an

anonymous communication stating that Petitioner had been convicted of assault. The

DOI contacted Petitioner to ask why he had not reported the conviction under N.C.

Gen. Stat. § 58-2-69(c) (“the reporting statute”), which requires a licensee to notify

the Commissioner of Insurance in writing of a conviction within 10 days after the

date of the conviction. Petitioner replied, “I never knew I was supposed to report this

prayer for judgment of simple assault or I would have right away.”

 Petitioner’s attorney advised him that he did not need to notify the DOI

because the district court had entered a PJC, and “there had been no adjudication of

guilt, plea of guilty, or plea of no contest.” After further communication with the DOI,

Petitioner requested an administrative hearing.

 -2-
 MACE V. N.C. DEP’T OF INSURANCE

 Opinion of the Court

 An administrative hearing was conducted by the DOI on 23 May 2018 and an

Order and Final Agency Decision (“Decision”) was issued on 23 July 2018. The

hearing officer found that Petitioner had been charged with simple assault, pled not

guilty, was found guilty in district court, was required but failed to report the

conviction to the DOI, and relied on the advice of his attorney that he was not

required to report the case to the DOI. The hearing officer concluded that “the judge’s

rendering of a guilty verdict . . . is a ‘conviction’ under N.C. Gen. Stat. § 58-2-69(c)”;

“judgment on the conviction was continued upon the payment of court costs”;

Petitioner was required to report the conviction regardless of the judgment issued;

and Petitioner violated the reporting statute by not reporting the conviction. Based

in part on the fact that Petitioner had relied on the advice of counsel in not reporting

the conviction, Petitioner was ordered to pay a $100 civil penalty instead of having

his license revoked or suspended.

 On 31 July 2018, Petitioner filed in superior court a petition for judicial review

of the Decision, seeking, inter alia, a stay of the Decision and an order setting aside

the Decision. The superior court stayed the Decision pending judicial review. After

a hearing on 4 March 2019, the superior court entered an Order and Judgment

(“Order”) on 4 April 2019, affirming the Decision.

 Petitioner filed timely notice of appeal to this Court.

 -3-
 MACE V. N.C. DEP’T OF INSURANCE

 Opinion of the Court

 II. Discussion

 Petitioner argues that the trial court erred when it held that a PJC following

a plea of not guilty is a conviction under the reporting statute. Petitioner’s argument

is misguided.

 In reviewing a trial court’s order concerning an agency decision, this Court

must (1) “determin[e] whether the trial court exercised the appropriate scope of

review and, if appropriate, (2) decid[e] whether the court did so properly.” ACT-UP

Triangle v. Comm’n for Health Servs., 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997)

(internal quotation marks and citation omitted). A trial court should apply a de novo

standard of review when the nature of the petitioner’s challenge to the agency

decision is that it was based on an error of law. Amanini v. N.C. Dep’t of Human Res.,

114 N.C. App. 668, 677, 443 S.E.2d 114, 119 (1994). “[W]hen the issue on appeal is

whether a state agency erred in interpreting a statutory term, an appellate court may

substitute its own judgment for that of the agency and employ de novo review.” Id.

at 678, 443 S.E.2d at 120 (internal quotation marks, brackets, emphasis, and citation

omitted). Accordingly, we consider de novo whether the DOI erred in concluding that

“the judge’s rendering of a guilty verdict . . . is a ‘conviction’ under N.C. Gen. Stat.

§ 58-2-69(c)” such that Petitioner violated the reporting statute by not reporting the

conviction.

 Under N.C. Gen. Stat. § 58-2-69(c),

 -4-
 MACE V. N.C. DEP’T OF INSURANCE

 Opinion of the Court

 If a licensee is convicted in any court of competent
 jurisdiction for any crime or offense other than a motor
 vehicle infraction, the licensee shall notify the
 Commissioner in writing of the conviction within 10 days
 after the date of the conviction. As used in this subsection,
 “conviction” includes an adjudication of guilt, a plea of
 guilty, or a plea of nolo contendere.

N.C. Gen. Stat. § 58-2-69(c) (2017). Accordingly, “an adjudication of guilt” is a

“conviction” for purposes of this statute. Id. “Where the language of a statute is clear

and unambiguous, there is no room for judicial construction and the courts must give

it its plain and definite meaning, and are without power to interpolate, or

superimpose, provisions and limitations not contained therein.” Walters v. Cooper,

226 N.C. App. 166, 169, 739 S.E.2d 185, 187, aff’d, 367 N.C. 117, 748 S.E.2d 144

(2013) (internal quotation marks and citation omitted).

 “Adjudication” is defined as “the process of judicially deciding a case.”

Adjudication, Black’s Law Dictionary (11th ed. 2019); see also Adjudication,

Ballentine’s Law Dictionary (3d ed. 2010) (defining “adjudication” as “[t]he

determination of the issues in an action according to which judgment is rendered; a

solemn, final, and deliberate determination of an issue by the judicial power, after a

hearing in respect to the matters determined”). “Guilt” is defined as “[t]he fact, state,

or condition of having committed a . . . crime.” Guilt, Black’s Law Dictionary (11th

ed. 2019); see also Guilt, Ballentine’s Law Dictionary (3d ed. 2010) (defining “guilt” as

“[c]riminality; culpability; guiltiness; the antithesis of innocence”). Based on this

 -5-
 MACE V. N.C. DEP’T OF INSURANCE

 Opinion of the Court

plain meaning of the phrase “adjudication of guilt,” the language of the statute is

clear and unambiguous that a finding of guilty by verdict of a judge is an adjudication

of guilt, and thus a conviction, under N.C. Gen. Stat. § 58-2-69(c).

 Here, the fact that the trial court issued a prayer for judgment continued does

not alter the plain language of this statute; nothing in the statute suggests that

“conviction” means and includes a guilty verdict only in those instances in which the

trial court does not enter a prayer for judgment continued. See Britt v. N.C. Sheriffs’

Educ. & Training Standards Comm’n, 348 N.C. 573, 577, 501 S.E.2d 75, 77 (1998)

(holding that an agency properly interpreted “conviction” as defined by the relevant

administrative regulation to include a plea of no contest, despite the fact that

defendant’s plea of no contest was followed by a prayer for judgment continued). “A

judgment of conviction is one step beyond conviction. A judgment of conviction

involves not only conviction but also the imposition of a sentence. This distinction

has been recognized in both North Carolina statutes and case law.” N.C. State Bar

v. Wood, 209 N.C. App. 454, 456-57, 705 S.E.2d 782, 784 (2011).

 “For the purpose of imposing sentence” under the North Carolina Criminal

Procedure Act, “a person has been convicted when he has been adjudged guilty or has

entered a plea of guilty or no contest.” N.C. Gen. Stat. § 15A-1331(b) (2019). “This

Court has interpreted N.C. Gen. Stat. § 15A-1331(b) to mean that formal entry of

 -6-
 MACE V. N.C. DEP’T OF INSURANCE

 Opinion of the Court

judgment is not required in order to have a conviction.” Wood, 209 N.C. App. at 457,

705 S.E.2d at 784 (internal quotation marks and citation omitted).

 In Wood, this Court held that the Disciplinary Hearing Commission of the

North Carolina State Bar (“DHC”) properly entered an order of discipline disbarring

defendant based upon his criminal convictions, despite the fact that no judgment of

conviction had been entered. Id. at 455, 705 S.E.2d at 783. Defendant was convicted

in federal district court of several crimes. Id. at 455, 705 S.E.2d at 784. The DHC

disbarred defendant based upon his violations of N.C. Gen. Stat. § 84-28(b)(1) and (2),

which read, in pertinent part, as follows:

 (b) The following acts or omissions by a member of the
 North Carolina State Bar . . . shall constitute misconduct
 and shall be grounds for discipline . . . :
 (1) Conviction of, or a tender and acceptance of a plea of
 guilty or no contest to, a criminal offense showing
 professional unfitness;
 (2) The violation of the Rules of Professional Conduct . . . .

Id. at 457, 705 S.E.2d at 785 (quoting N.C. Gen. Stat. § 84-28(b)(1) and (2) (2006)).

 Following the return of the verdict, the district court granted defendant’s

motion for judgment of acquittal and conditionally granted defendant’s motion for a

new trial, should the judgment of acquittal be reversed or vacated. Id. at 456, 705

S.E.2d at 784. Based upon this order, the DHC conditionally vacated defendant’s

disbarment. The appellate court reversed the district court’s judgment of acquittal

and conditional grant of a new trial, and remanded the matter to the district court

 -7-
 MACE V. N.C. DEP’T OF INSURANCE

 Opinion of the Court

for further proceedings consistent with its opinion. Based upon the appellate court’s

reversal, the DHC reinstated the order of disbarment. Id.

 On appeal to this Court, defendant argued that the DHC erred in disbarring

him and reinstating this disbarment based upon his conviction of criminal offenses

when no judgment of conviction had been entered. This Court noted, “[d]efendant’s

argument conflates a conviction and a judgment of conviction.” Id. This Court held

that the DHC properly disciplined defendant because “[t]he plain language of this

statute requires that an attorney be ‘convicted of . . . a criminal offense showing

professional unfitness,’ not that a judgment of conviction be entered.” Id. at 457, 705

S.E.2d at 785.

 Here, as in Wood, Petitioner’s “argument conflates a conviction and a judgment

of conviction.” Id. at 456, 705 S.E.2d at 784. Petitioner was found guilty of simple

assault by verdict of a judge in district court. This judicial verdict of guilt was an

“adjudication of guilt” under N.C. Gen. Stat. § 58-2-69(c). This adjudication of guilt

was, in turn, a “conviction” for purposes of N.C. Gen. Stat. § 58-2-69(c). The plain

language of the reporting statute requires that a licensee be “convicted in any court

of competent jurisdiction for any crime or offense other than a motor vehicle

infraction[,]” N.C. Gen. Stat. § 58-2-69(c), “not that a judgment of conviction be

entered,” Wood, 209 N.C. App. at 457, 705 S.E.2d at 785. Thus, Petitioner was

 -8-
 MACE V. N.C. DEP’T OF INSURANCE

 Opinion of the Court

required to notify the Commissioner in writing of his conviction of simple assault by

27 January 2017, 10 days after the date of the conviction.

 Petitioner argues that,

 [b]ased on expressio unius est exclusio alterius, a
 “conviction” for purposes [N.C. Gen. Stat.] § 58-2-69(c) can
 mean only one of three things: 1) an adjudication of guilt;
 2) a plea of guilty; or 3) a plea of nolo contendere (no
 contest). There is no dispute that [Petitioner] did not plead
 guilty or nolo contendere. He pled “not guilty”. . . .
 Therefore, [Petitioner’s] continued judgment, or prayer for
 judgment continued, can only be a “conviction” for purposes
 of [N.C. Gen. Stat.] § 58-2-69(c) if it is “an adjudication of
 guilt”.

By this argument, Petitioner completely disregards the fact that he was found guilty

by verdict of a judge in district court. It is this guilty verdict that is an adjudication

of guilt and thus a conviction under the statute.

 Petitioner further contends that a PJC upon payment of costs, without more,

does not constitute an entry of judgment. Without a judgment, Petitioner’s argument

continues, there has been no adjudication of guilt. Petitioner relies on cases in which

our appellate courts have held that a PJC is not a conviction for purposes of other

statutes. Those cases are readily distinguishable from the present case.

 In State v. Southern, 71 N.C. App. 563, 322 S.E.2d 617 (1984), aff’d, 314 N.C.

110, 331 S.E.2d 688 (1985), this Court held that, based on the statutory definition of

“prior conviction” in the Fair Sentencing Act, a conviction with prayer for judgment

 -9-
 MACE V. N.C. DEP’T OF INSURANCE

 Opinion of the Court

continued cannot support a finding of prior convictions as an aggravating factor. We

stated:

 The definition of “prior conviction” appears in [N.C. Gen.
 Stat. §] 15A-1340.2(4):
 A person has received a prior conviction when
 he has been adjudged guilty of or has entered
 a plea of guilty or no contest to a criminal
 charge, and judgment has been entered
 thereon and the time for appeal has expired, or
 the conviction has been finally upheld on
 direct appeal. (Emphasis added.)

 Thus, an offense is a “prior conviction” under the Fair
 Sentencing Act only if the judgment has been entered and
 the time for appeal has expired, or the conviction has been
 upheld on appeal. When an accused is convicted with
 prayer for judgment continued, no judgment is entered,
 and no appeal is possible (until judgment is entered). Such
 a conviction therefore may not support a finding of an
 aggravating circumstance under [N.C. Gen. Stat. §] 15A-
 1340.4(a)(1)(o).

Id. at 565-66, 322 S.E. 2d at 619 (internal citation omitted).

 In contrast to N.C. Gen. Stat. § 15A-1340.2(4) at issue in Southern, which

specifically required both an adjudication of guilt and entry of judgment thereupon,

the reporting statute at issue in this case defines conviction solely as an adjudication

of guilt, and does not require entry of judgment upon that adjudication.

 In Florence v. Hiatt, 101 N.C. App. 539, 400 S.E.2d 118 (1991), this Court

considered the meaning of “final conviction” in the context of our motor vehicle

statutes. Defendant was convicted of operating a motor vehicle without a license. Id.

 - 10 -
 MACE V. N.C. DEP’T OF INSURANCE

 Opinion of the Court

at 540, 400 S.E.2d at 119. He received a PJC from the trial court, which included

certain non-punitive conditions. The Department of Motor Vehicles (“DMV”)

subsequently revoked defendant’s license pursuant to the then-applicable version of

N.C. Gen. Stat. § 20-28.1, which mandated that the DMV revoke an individual’s

driver’s license upon his conviction of a moving violation during a period of revocation.

At that time, N.C. Gen. Stat. § 20-24(c) defined “conviction” as a “final conviction of a

criminal offense.” Id. at 540-41, 400 S.E.2d at 119-20; N.C. Gen. Stat. § 20-24(c)

(1987).

 Defendant obtained a permanent injunction against the DMV, enjoining it

from suspending his license. Florence, 101 N.C. App. at 540, 400 S.E.2d at 119. The

DMV appealed. “The issue on appeal [was] whether the conditional language in [the

trial court’s] order render[ed] the putative ‘prayer for judgment continued’ a final

conviction.” Id. This Court held that a true PJC does not operate as a “final

conviction” for purposes of our motor vehicle statutes. Id. at 542, 400 S.E.2d at 121.

 Similarly, in Walters, this Court confronted the question of whether a PJC

entered on a conviction “makes that conviction a ‘final conviction,’ and thus a

‘reportable conviction,’” for purposes of the sex offender registration statute. Walters,

226 N.C. App. at 168, 739 S.E.2d at 186-87. This Court noted that “the term ‘final

conviction’ has no ordinary meaning, and is not otherwise defined by the [sex offender

registration] statute.” Id. at 169, 739 S.E.2d at 187. This Court “assume[d] that the

 - 11 -
 MACE V. N.C. DEP’T OF INSURANCE

 Opinion of the Court

legislature enacted Section 14-208.6 with an awareness of Florence, and yet chose not

to articulate whether PJCs are ‘final convictions’ for the purposes of the registration

statute. This suggests that the legislature saw no need to do so, even in light of case

law holding PJCs are not ‘final convictions’ in the context of another statutory scheme

employing similar language.” Id. at 170, 739 S.E.2d at 188. Accordingly, we held

that “a true PJC does not operate as a ‘final conviction’ for the purposes of” the sex

offender registration statute. Id. at 171, 739 S.E.2d at 188.

 In contrast to the motor vehicle statutes at issue in Florence and the sex

offender registration statute at issue in Walters, both of which required a “final

conviction,” the reporting statute at issue in this case requires only a “conviction,”

which is specifically defined as “an adjudication of guilt.” Thus, Petitioner’s reliance

on these distinguishable cases to support his argument that there has been no

conviction under the reporting statute due to the trial court’s entry of a PJC is without

merit.

 III. Conclusion

 Because we conclude that a verdict of guilty of simple assault, regardless of the

district court’s subsequent entry of a PJC, is an “adjudication of guilt” and thus a

“conviction” for purposes of N.C. Gen. Stat. § 58-2-69(c), we affirm the trial court’s

Order affirming the Decision of the DOI.

 AFFIRMED.

 - 12 -
 MACE V. N.C. DEP’T OF INSURANCE

 Opinion of the Court

Judges ARROWOOD and HAMPSON concur.

 - 13 -